John Andrew MATTINGLY;  Wilma Jean
Mattingly, Plaintiffs–Appellants,

v.

FARMERS STATE BANK, et al.,
Defendants–Appellees.

No. 98–3234.

·United States Court of Appeals,
Sixth Circuit.

Submitted June 18, 1998.

Decided Aug. 27, 1998.

John Andrew Mattingly and Wilma Jean
Mattingly (briefed), West Salem, OH, for
Plaintiffs–Appellants.

Before: MOORE, CLAY, and GILMAN,
Circuit Judges.

## OPINION

PER CURIAM.

This is an appeal from the judgment of the
district court entered on January 26, 1998,
dismissing this civil rights action as frivolous
pursuant to 28 U.S.C. § 1915(e).  The notice
of appeal filed in the district court on Febru-
ary 2, 1998 was not signed by either John
Andrew Mattingly or Wilma Jean Mattingly.

The fact that the notice of appeal was
not signed raises a jurisdictional issue.  An
appellate court has a duty to consider sua
sponte whether appellate jurisdiction is prop-
erly invoked.  *Liberty Mut. Ins. Co. v. Wet-
zel,* 424 U.S. 737, 740, 96 S.Ct. 1202, 47
L.Ed.2d 435 (1976).  Accordingly, this court
must consider whether a signed notice of
appeal is a jurisdictional prerequisite and, if
it is, whether the failure to sign a notice of
appeal can be "cured" by giving the appellant

an opportunity to sign the notice of appeal even if the appeal period has expired.

■ Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that when a party in a civil case wishes to appeal from a final judgment in the district court, he must file his notice of appeal "with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed." Rule 11(a) of the Federal Rules of Civil Procedure, which governs the filing of pleadings and other documents in the district court, provides that "[e]very pleading, written motion, and other paper shall be signed by" the attorney representing the party or the party himself if he is proceeding pro se. As a notice of appeal is an "other paper" filed with the district court, it is clear that Fed. R.App. P. 4(a)(1) requires that a notice of appeal must be signed in order for it to be considered properly filed. This reading of the relevant rules is acknowledged by Fed. R.App. P. 3(c), which notes that "[a] notice of appeal filed pro se is filed on behalf of the party *signing* the notice ...." (emphasis added).

■ The requirements contained in Rules 3 and 4 of the Federal Rules of Appellate Procedure are jurisdictional in nature. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 315, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *see also Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) ("Rule 3's [and 4's] dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review."). In *Torres,* the Supreme Court held that a party's placement of "et al." to signify the parties who intended to appeal did not comply with Rule 3(c)'s provision that the notice of appeal "specify the party or parties taking the appeal." *Id.* at 314, 108 S.Ct. 2405. The Court acknowledged that the "requirements of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on the merits." *Id.* at 316, 108 S.Ct. 2405. However, such "liberal construction" of the rules was limited to situations where "a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule ... [but is nevertheless] the

functional equivalent of what the rule requires." *Id.* at 317, 108 S.Ct. 2405. Applying this principle, the Court held that the appellant's use of the phrase "et al." did not suffice as the functional equivalent of specifying which parties were appealing because "such [a] vague designation would leave the appellee and the court unable to determine with certitude whether a losing party not named in the notice of appeal should be bound by an adverse judgment or held liable for costs or sanctions." *Id.* at 318, 108 S.Ct. 2405. Although Congress amended Fed. R.App. P. 3(c) after the *Torres* decision to clarify how parties taking an appeal must be designated in the notice of appeal, the *Torres* decision's "functional equivalent" principle remains good law.

■ Fed. R.App. P. 4(a)(1), in conjunction with Fed.R.Civ.P. 11(a), requires that a party sign the notice of appeal in order to confer jurisdiction on the courts of appeals. The complete failure to sign a notice of appeal cannot be viewed as the functional equivalent of doing so. In order for a litigant's acts to be considered as the functional equivalent, they must be such that the document affords notice to the appellee of the litigant's intent to seek appellate review. *See Smith,* 502 U.S. at 248–49, 112 S.Ct. 678. An appellee presented with an unsigned notice of appeal would have serious questions about the litigant's intention of seeking appellate review. An unsigned notice of appeal could be nothing more than opportunistic behavior by the purported appellant in order to gain more time to consider whether or not the party really wants to appeal. In a case such as the one before us, where there are multiple pro se appellants, the possibilities for confusion and opportunistic behavior are multiplied. Each pro se appellant, therefore, must sign on his or her own behalf in order for the notice of appeal to be effective for that party. Put another way, if the notice of appeal is not personally signed by a pro se appellant, it must be signed by a qualified attorney on behalf of the lay party.

■ While dismissal of an appeal where a party inadvertently fails to sign a notice of appeal may produce harsh results, such a

result seems mandated by any fair reading of the rules. As the Court noted in *Torres:* "We recognize that construing Rule 3 [and 4] as a jurisdictional prerequisite leads to a harsh result in this case, but we are convinced that the harshness of our construction is 'imposed by the legislature and not by the judicial process.'" 487 U.S. at 318, 108 S.Ct. 2405 (quoting *Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)).

This court lacks jurisdiction in this appeal. The notice of appeal was not signed, the omission was not corrected within the 30-day appeal period of Fed. R.App. P. 4(a)(1), and the time for seeking a Fed. R.App. P. 4(a)(5) extension has long since expired.

Accordingly, the appeal is dismissed for lack of jurisdiction.