**Julio VELASCO, Petitioner–Appellant;**

**Antel Miyares, et al., Petitioners,**

**v.**

**John LAMANNA, Warden, Respondent–Appellee.**

No. 00–4139.

United States Court of Appeals, Sixth Circuit.

June 20, 2001.

Before RYAN and COLE, Circuit Judges; MARBLEY, District Judge.*

Julio Velasco, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, Velasco pleaded guilty in the United States District Court for the Northern District of Illinois to conspiring to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. The court sentenced him to 240 months of

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

imprisonment. In January 1993, the Seventh Circuit Court of Appeals affirmed Velasco's conviction and sentence. *United States v. Mojica*, 984 F.2d 1426 (7th Cir. 1993). In 1995, Velasco filed an unsuccessful collateral attack on his conviction, in the Seventh Circuit.

In May 2000, Velasco and thirteen other inmates at the Federal Correctional Institution at Elkton, Ohio filed a pro se habeas corpus petition under § 2241. The petitioners argued that: 1) their due process rights were violated because they were never provided with a copy of the relevant court documents in their native language; 2) their due process and equal protection rights have been violated because they are being housed in a facility that does not provide research materials or legal assistance in their native language; and 3) the conditions of their confinement have denied them access to the court. In August 2000, the district court denied the petition because the petitioners improperly sought to challenge the imposition of their sentences under § 2241, and yet they had failed to show that their remedy under § 2255 was inadequate or ineffective. The court also noted that, to the extent that the petitioners sought to challenge the conditions of their confinement, they were required to file a civil rights action.

Velasco has filed a timely appeal, essentially reasserting his grounds for relief. Although the notice of appeal indicates that each of the petitioners wished to appeal the district court's judgment, Velasco was the only petitioner to sign the notice of appeal. Velasco has also filed a motion to proceed in forma pauperis on appeal.

Upon review, we conclude that the district court properly dismissed Velasco's § 2241 petition. This court reviews de novo the district court's order dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

■ As an initial matter, we conclude that the sole appellant properly before this court is Velasco. The signing and filing of a notice of appeal by Velasco, who is not a qualified attorney, is ineffective to vest this court with jurisdiction over any other person. *See Talley–Bey v. Knebl*, 168 F.3d 884, 885 (6th Cir.1999); *Mattingly v. Farmers State Bank*, 153 F.3d 336, 337–38 (6th Cir.1998).

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the AEDPA. *See Charles*, 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles*, the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett*, 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied*, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Velasco has not satisfied this burden for two reasons. First, Velasco does

not cite to an intervening change in the law which reflects that he may be actually innocent of the crime for which he was convicted. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997), Velasco has had multiple opportunities to challenge his conviction and sentence on his asserted ground on appeal and in his prior § 2255 motions to vacate. However, he chose not to file a direct appeal. In addition, the district court also properly dismissed Velasco's claims because he simply did not assert a claim of actual innocence. *See Charles,* 180 F.3d at 757 (invalid guilty plea and ineffective assistance of counsel claims are not claims of actual innocence).

Second, Velasco's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

■ Finally, contrary to Velasco's argument on appeal, a § 2241 habeas petition is not the appropriate vehicle for challenging the conditions of his confinement. Here, Velasco essentially argues that his conviction and sentence are improper because he was never provided a copy of the charging documents in Spanish, and because he has been denied access to the courts to challenge his conviction and sentence because he does not have access to Spanish research materials or access to legal assistance in Spanish. These types of claims may not be brought under 28 U.S.C. § 2241, which is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement. *See Cohen v. United States,* 593 F.2d 766, 770–71 (6th Cir.1979).

Accordingly, we grant the motion to proceed in forma pauperis for the limited purpose of this review and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.