**James WILLIAMS, Plaintiff–Appellant,**

**Alex Benson, Plaintiff,**

v.

**Dennis M. STRAUB, Warden, et al., Defendants–Appellees.**

**No. 00–2364.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

James Williams, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Williams, along with prisoner Alex Benson, filed this civil rights action alleging constitutional deprivation of procedural due process. Specifically, they alleged that the defendant prison officials deprived them of procedural due process by placing them on 90 day "unemployable status" af-

---

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

ter they had served the full extent of sanctions issued on misconduct charges. They alleged that they were placed on the "unemployable status" without further hearing.

In a September 14, 2000 report and recommendation, Magistrate Judge Virginia Morgan recommended dismissing the plaintiffs' claims because neither plaintiff alleged a property or liberty interest protected by the Constitution. Williams did not file objections to Magistrate Judge Morgan's report and recommendation. Benson filed a "Motion to Proceed" arguing that he did in fact exhaust his administrative remedies, and that the purpose of due process protections is to protect individuals from arbitrary government action, citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The district court, construing Benson's motion as objections, noted that Benson's claims were not recommended for dismissal based on failure to exhaust administrative remedies and that Magistrate Judge Morgan cited *Wolff* for the same proposition. Ultimately, the district court determined that Benson had not presented a meaningful challenge to Magistrate Judge Morgan's conclusions and adopted the report and recommendation as the findings and conclusions of the court. The court also found that Williams did not file a timely objection.

Williams filed a motion for reconsideration arguing that he filed timely objections. The district court determined that even if Williams's objections contained with his motion for reconsideration were timely, the objections failed to raise a meaningful challenge to Magistrate Judge Morgan's conclusions. The court denied the motion for reconsideration. Williams filed a timely notice of appeal.

■ Initially, we note that Williams is the only appellant properly before the court. Benson is not properly before the court and is not an appellant because he neither signed the notice of appeal nor does he proceed through an attorney. *See* Fed. R.App. P. 3(c); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317–18, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *Mattingly v. Farmers State Bank*, 153 F.3d 336, 337 (6th Cir.1998). This holding does not work a hardship on Benson because the appeal lacks merit and the order dismissing the complaint was properly entered by the district court.

This court reviews de novo a district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995). When considering a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the district court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Wright*, 58 F.3d at 1138 (quoting *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993)).

■ Upon review, we conclude that the district court properly dismissed the complaint for failure to state a claim upon which relief can be granted. Williams does not challenge the misconduct finding or the sanctions imposed by the hearing officer. Rather, he contends that the 90–day period he was placed on "unemployable status," following his return to the general prison population after the completion of the sanctions issued on the misconduct charge, requires an additional hearing to accord with due process. However, Williams's complaint fails to implicate a liberty or property interest because he did not suffer an atypical and significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Bulger v. United States Bureau of*

*Prisons,* 65 F.3d 48, 49 (5th Cir.1995) (holding that a prisoner's loss of job assignment is not a protected liberty interest because it does not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life). Accordingly, dismissal of his complaint was proper.

Finally, exhaustion does not need to be considered where, as here, the complaint fails to state a claim upon which relief may be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.