Gerald D. BUSH, Plaintiff–Appellant,

Carolyn Bush, Plaintiff,

v.

CITY OF ZEELAND; Unknown Parties, named as "et al," Defendants–Appellees.

No. 03–1080.

United States Court of Appeals, Sixth Circuit.

Sept. 5, 2003.

Gerald D. Bush, pro se, Zeeland, MI, for Plaintiff–Appellant.

Before GUY and DAUGHTREY, Circuit Judges; and LAWSON, District Judge.*

## ORDER

Gerald D. Bush, a Michigan litigant proceeding pro se, appeals a district court order dismissing his complaint filed pursuant to 28 U.S.C. §§ 1331, 1343, 1651, and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 8, 2002, Bush and his wife, Carolyn Bush ("the plaintiffs"), filed a complaint against the City of Zeeland ("the City") alleging that the City had acted unconstitutionally with regard to property owned by the plaintiffs in Ottawa County. The plaintiffs sought declaratory, injunctive and monetary relief.

The plaintiffs failed to effectuate service upon the City. On November 14, 2002, the district court issued a notice of impending dismissal pursuant to Fed.R.Civ.P. 4(m). The notice required the plaintiffs to effectuate service or to petition the court, showing good cause, for an extension of time in which to do so, no later than December 4, 2002. On December 5, 2002, the plaintiffs filed a motion to "stay impending dismissal" and to grant an extension of time to serve the City. The motion was supported by the affidavit of Gerald Bush.

On November 15, 2002, the plaintiffs filed a notice of removal purporting to remove Ottawa County Circuit Court case no. 02–43822–CZ, a case brought by the City against Gerald and Carolyn Bush seeking injunctive relief. The allegations in the notice of removal are incomprehensible and fail to allege any ground for removal jurisdiction under 28 U.S.C. § 1441.

By order entered December 11, 2002, the district court dismissed the complaint under Rule 4(m) for failure to serve the City. In the same order, the court remanded to the Ottawa County Circuit Court a civil action removed by the plaintiffs improvidently and without jurisdiction. The plaintiffs filed a motion for reconsideration which the district court construed as a timely motion to alter or amend judgment filed pursuant to Fed.R.Civ.P. 59(e). The motion was denied. This appeal followed.

Initially, we note that Gerald Bush is the only appellant properly before the court. Carolyn Bush is not properly before the court and is not an appellant because she neither signed the notice of appeal nor did she proceed through an attorney. *See* Fed. R.App. P. 3(c); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317–18, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *Mattingly v. Farmers State Bank*, 153 F.3d 336, 337 (6th Cir.1998). This holding does not work a hardship on Carolyn Bush because the appeal lacks merit and the order dismissing the complaint was properly entered by the district court.

We review the district court's dismissal of a complaint for failure to serve the defendant under an abuse of discretion standard of review. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996) (interpreting the predecessor to Fed.R.Civ.P. 4(m)). An abuse of discretion exists when the review-

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

ing court is firmly convinced that a mistake has been made. *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal standard. *Id.* at 615.

Federal Rule of Civil Procedure 4(m) requires the plaintiff to serve the summons and complaint upon the defendant within 120 days after the complaint is filed. "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed.R.Civ.P. 4(m). The 120-day time limit may be extended by the court if the plaintiff demonstrates good cause for failure to timely serve the defendant. Fed.R.Civ.P. 4(m); *Moncrief v. Stone*, 961 F.2d 595, 596 (6th Cir.1992) (interpreting the predecessor to Fed.R.Civ.P. 4(m)).

■ Upon review, we conclude that the district court did not abuse its discretion when it dismissed the complaint for failure to serve the City pursuant to Fed.R.Civ.P. 4(m). As pointed out by the district court, the plaintiffs' motion and affidavit were insufficient to show good cause. The affidavit did not disclose any effort, however minimal, by the plaintiffs to effect service of process on the City.

■ Finally, the remand order at issue here is not reviewable on appeal. Generally, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, because § 1447(d) must be read in conjunction with § 1447(c), *see Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), appellate re-

view of remand orders is prohibited only where the district court remands because it lacks subject matter jurisdiction at the time of removal. 28 U.S.C. § 1447(c); *see Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 450 (6th Cir.1993) (explaining that the reviewability of a remand order depends on whether the district court had subject matter jurisdiction at the time of removal). Here, the plaintiffs did not allege that the claim brought against them in the Ottawa County Circuit Court fell within the district court's original jurisdiction, either because it arose under federal law or because it involved citizens of diverse citizenship and the requisite amount in controversy. Thus, subject matter jurisdiction was lacking at the time of removal.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C). Rules of the Sixth Circuit.