NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0470n.06

Case No. 23-5392

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>

MICHAELA JEFFERY,

    Plaintiff-Appellant,

v.

THE MEDICAL PROTECTIVE COMPANY,

    Defendant-Appellee.

</td><td>

)
)
)
)
)
)
)
)
)
)
)

</td><td>

**FILED**
Nov 13, 2023
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

</td></tr>
</table>

Before: MOORE, MURPHY, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Michaela Jeffery appeals the district court's grant of summary judgment to The Medical Protective Company ("MedPro") on her request for declaratory relief in this insurance-coverage dispute. But because the order granting summary judgment was not a final decision, we dismiss Jeffery's appeal for lack of jurisdiction.

In 2019, Jeffery sued MedPro in state court, and MedPro removed the suit to the district court. Before suing MedPro, Jeffery obtained a state-court default judgment against Dr. Justin Clemens, a dentist that negligently performed a procedure on her in 2013. MedPro was Dr. Clemens's malpractice insurer. Jeffery's amended complaint sought a declaration that MedPro had a duty to indemnify Dr. Clemens for the default judgment against him. Jeffery also alleged that MedPro denied her insurance claim in bad faith. The district court bifurcated the proceedings for the declaratory-judgment claim and the bad-faith claim and stayed the latter until it decided whether MedPro was contractually obligated to indemnify Dr. Clemens for the default judgment,

for "oftentimes, the disposition of the contractual claim may obviate the need to try the issue of bad faith." R. 19, PageID 219–20.

On June 24, 2022, the district court entered an order granting summary judgment to MedPro on the declaratory-judgment claim, holding that MedPro was not required to provide coverage for the default judgment against Dr. Clemens. In the order, the district court directed the parties to file a joint status report to "discuss whether they intend[ed] to proceed on the previously bifurcated claims in this matter." R. 61, PageID 850. In their joint status report, the parties indicated that Jeffery intended to file a motion to reconsider the summary-judgment decision and that Jeffery "intend[ed] to preserve her right to pursue her bad faith claims." R. 66, PageID 1000. After Jeffery moved to reconsider, the district court denied the motion in March 2023. The district court did not address Jeffery's bad-faith claim. And the district court did not enter, and has not entered, a final judgment. Thus, Jeffery's bad-faith claim remains pending before the district court.

Although the parties do not raise the issue of our appellate jurisdiction, "[a]n appellate court has a duty to consider sua sponte whether appellate jurisdiction is properly invoked." *Mattingly v. Farmers State Bank*, 153 F.3d 336, 336 (6th Cir. 1998) (per curiam). With some limited exceptions, courts of appeals have jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. A decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). "In the absence of a Rule 54(b) certification, an order disposing of fewer than all of the asserted claims is not appealable as a final judgment." *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997) (order).

The district court's order granting summary judgment to MedPro on Jeffery's declaratory-judgment claim left Jeffery's bad-faith claim unresolved. Its later order denying Jeffery's motion

to reconsider did not change the status of the bad-faith claim. And the district court did not certify its summary-judgment decision as an appealable order under Rule 54(b). *See Murray v. Bank One, Columbus, N.A.*, 765 F.2d 145, 1985 WL 13327, at *1 (6th Cir. 1985) (unpublished table decision). Thus, there is no final decision. That the district court has not entered a final judgment is further evidence of this point.

For these reasons, we DISMISS Jeffery's appeal for lack of jurisdiction.