Kristen M. **GOOD**, as Co–Administrator WWA of Estates of Ronald W. Good and Judith E. Good, et al., Plaintiffs,

v.

**OHIO EDISON COMPANY,**
Defendant/Third–Party
Plaintiff–Appellant,

v.

**UNITED STATES** of America; United States Coast Guard, Third–Party Defendants–Appellees.

No. 96–4057.

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 21, 1996

Decided Jan. 8, 1997.

Norman S. Carr, Alisa T. Wright, Roetzel & Andress, Akron, OH, Charles W. Water-field, Flynn, Py & Kruse Co., Sandusky, OH, for Defendant/Third–Party Plaintiff–Appellant.

David O. Bauer, Asst. U.S. Attorney, Western Division, for Third–Party Defendants–Appellees.

Before: KENNEDY, BOGGS, and WOOD,* Circuit Judges.

### ORDER

This case is before the court for an initial consideration of appellate jurisdiction. We must determine whether the certification of a partial judgment as final under Rule 54(b), Fed.R.Civ.P., entered after the filing of a notice of appeal, is sufficient to impart appellate jurisdiction.

The plaintiffs filed these consolidated personal injury and wrongful death actions against Ohio Edison Company seeking damages for injuries arising from a boating accident on Sandusky Bay. The accident occurred when a boat on which the plaintiffs were passengers collided with a concrete and steel platform owned and maintained by Ohio Edison. Ohio Edison filed third party claims against the United States and the United States Coast Guard (collectively, the "Coast Guard"). The Coast Guard removed the actions to district court and moved to dismiss or for summary judgment. The district court granted summary judgment and remanded the plaintiffs' claims against Ohio Edison to state court. Upon consideration of Ohio Edison's motion to alter or amend, the court vacated the remand order, finding plaintiffs' claims were within the admiralty jurisdiction of the court. This ruling left the plaintiffs' claims against Ohio Edison pending in the district court. Ohio Edison filed a notice of appeal from the summary judgment in favor of the Coast Guard.

Because the notice of appeal appeared to be premature, the court directed Ohio Edison to show cause why the appeal should not be dismissed. In response, Ohio Edison filed a motion in the district court seeking certifica-

---

* The Honorable Harlington Wood, Jr., Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

tion for an interlocutory appeal under 28 U.S.C. § 1292(b) or certification of the judgment as final under Rule 54(b), Fed.R.Civ.P. On November 8, 1996, the district judge certified the summary judgment under Rule 54(b). Ohio Edison now requests that this court retain jurisdiction based on the November 8 certification.

■ Rule 54(b) is "designated to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 60 (6th Cir.1986). A Rule 54(b) certification recognizes the practical finality of a decision as to certain claims and permits such a decision to be appealed as a final judgment. The rule "is intended 'to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.'" *Day v. NLO, Inc.,* 3 F.3d 153, 155 (6th Cir.1993), *quoting* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2654 (1983).

This court has not addressed the specific issue raised by Ohio Edison's request—whether a Rule 54(b) certification obtained after the filing of a notice of appeal can validate a prematurely filed appeal. In the absence of a Rule 54(b) certification, an order disposing of fewer than all of the asserted claims is not appealable as a final judgment under 28 U.S.C. § 1291. The court has held that a Rule 54(b) certification entered *nunc pro tunc* to a time prior to the filing of the notice of appeal is sufficient to confer appellate jurisdiction. *See Lewelling v. Farmers Ins. of Columbus, Inc.,* 879 F.2d 212, 214–15 (6th Cir.1989); *COMPACT v. Metropolitan Gov't of Nashville and Davidson County,* 786 F.2d 227, 228 n. 1 (6th Cir.1986). However, other decisions of the court contain language that a belated certification under the rule cannot cure the lack of a Rule 54(b) certification. *See Haskell v. Washington Township,* 891 F.2d 132, 133 (6th Cir.1989); *Oak Construction Co. v. Huron Cement Co.,* 475 F.2d 1220, 1221 (6th Cir.1973). Closer review indicates that such statements are dicta.

■ We now hold that a premature notice of appeal ripens upon the entry of a proper Rule 54(b) certification, regardless of whether the certification is entered *nunc pro tunc.* This holding is consistent with the majority of our sister circuits that have addressed this issue. *See Clausen v. Sea–3, Inc.,* 21 F.3d 1181, 1184–85 (1st Cir.1994); *Harrison v. Edison Bros. Apparel Stores, Inc.,* 924 F.2d 530, 532 (4th Cir.1991); *Lewis v. B.F. Goodrich Co.,* 850 F.2d 641, 643–45 (10th Cir.1988) (en banc); *Martinez v. Arrow Truck Sales, Inc.,* 865 F.2d 160, 161 (8th Cir.1988); *Crowley Maritime Corp. v. Panama Canal Com'n,* 849 F.2d 951, 954 (5th Cir.1988); *Tidler v. Eli Lilly and Co., Inc.,* 824 F.2d 84, 85–87 (D.C.Cir.1987); *Aguirre v. S.S. Sohio Intrepid,* 801 F.2d 1185, 1189 (9th Cir.1986); *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Wisconsin,* 760 F.2d 177, 180–81 (7th Cir.1985); *Tilden Financial Corp. v. Palo Tire Service, Inc.,* 596 F.2d 604, 607 (3d Cir.1979); *but see Useden v. Acker,* 947 F.2d 1563, 1570 (11th Cir.1991), *cert. denied,* 508 U.S. 959, 113 S.Ct. 2927, 124 L.Ed.2d 678 (1993).

■ Our ruling is analogous to Rule 4(a)(2), Fed.R.App.P., which permits certain premature notices of appeal to ripen. That rule provides "a notice of appeal filed after the court announces a decision or order but before the entry of the judgment or order is treated as filed on the date of and after the entry." Rule 4(a)(2), Fed.R.App.P. The rule "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment." *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.,* 498 U.S. 269, 276, 111 S.Ct. 648, 653, 112 L.Ed.2d 743 (1991). In this case, the district court's summary judgment is similar to the announcement of a decision prior to the entry of judgment. Likewise, the Rule 54(b) certification is similar to the Rule 58 final judgment that makes the decision appealable. *See Clausen v. Sea–3, Inc.,* 21 F.3d at 1185.

Our ruling also finds support in *Gillis v. U.S. Dep't of Health and Human Serv.,* 759 F.2d 565 (6th Cir.1985). In *Gillis,* the plain-

tiffs filed a notice of appeal from an order dismissing one of the defendants. At the time the notice was filed, there were claims pending against other defendants, and no Rule 54(b) certification had been entered. However, prior to oral argument on the appeal, the remaining claims were resolved. The court concluded that the premature notice of appeal was effective to vest appellate jurisdiction because the judgment had become final prior to the disposition of the appeal. *Gillis*, 759 F.2d at 569. The entry of the final judgment cured the lack of a Rule 54(b) certification.

Similarly, in this case, the Rule 54(b) certification entered following the filing of the notice of appeal has cured the prior jurisdictional defect. The notice of appeal ripens as of the date of the Rule 54(b) certification, and we have jurisdiction to proceed with the appeal.

It therefore is **ORDERED** that the show cause order is withdrawn and the appeal will continue on the docket of the court.