*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0443p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

JGR, INC.,

      *Plaintiff-Appellee/Cross-Appellant,*

      *v.*

THOMASVILLE FURNITURE INDUSTRIES, INC.,

      *Defendant-Appellant/Cross-Appellee.*

Nos. 07-3261/3262

Appeal from the United States District Court

for the Northern District of Ohio at Cleveland.

No. 96-01780—Ann Aldrich, District Judge.

Argued: October 22, 2008

Decided and Filed: December 11, 2008

Before: MARTIN and MOORE, Circuit Judges; WEBER, Senior District Judge.[*]

_____

## COUNSEL

**ARGUED:** David W. DeBruin, JENNER & BLOCK, Washington, D.C., for Appellant. Marvin L. Karp, ULMER & BERNE, Cleveland, Ohio, for Appellee. **ON BRIEF:** Jason C. Hicks, WOMBLE, CARLYLE, SANDRIDGE & RICE, Greensboro, North Carolina, John F. Morrow, Jr., Mark N. Poovey, WOMBLE, CARLYLE, SANDRIDGE & RICE, Winston-Salem, North Carolina, for Appellant. Marvin L. Karp, ULMER & BERNE, Cleveland, Ohio, for Appellee.

---

[*]The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1

---

**OPINION**

---

BOYCE F. MARTIN, JR., Circuit Judge.  In this contract dispute between JGR, Inc., which operated a furniture store, and Thomasville Furniture Industries, Inc., a furniture manufacturer, Thomasville asks us to vacate a 2006 jury award to JGR of $3.3 million for lost profits and $3.53 million for lost opportunity costs.  JGR asks us to affirm the judgment and to add to it an amount equal to interest that JGR owes Thomasville on an unpaid 1999 judgment.  For the reasons discussed below, we hold that JGR waived any right to pursue lost profit damages at the 2006 trial because it failed to appeal the lost profits award of zero dollars from the 2002 trial.  Accordingly, we VACATE the district court's judgment entering the jury award, and REMAND for a new trial for loss of business value damages.

I.

This Court has thoroughly described the history of this dispute in its two previous opinions resolving earlier appeals.  *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519 (6th Cir. 2004) ("*JGR II*"); *Thomasville Furniture Indus., Inc. v. JGR, Inc.*, 3 Fed. App'x 467 (6th Cir. Feb. 7, 2001) ("*JGR I*").  Only a brief procedural history is necessary here.

Thomasville sued JGR in federal court in 1996 to collect payment for furniture and service charges.  *JGR I*, 3 Fed. App'x at 468.  JGR filed a separate claim for breach of oral and written contract and fraudulent misrepresentation against Thomasville in Ohio state court, which Thomasville then removed to federal court.  In 1999, the district court granted summary judgment in Thomasville's favor, ruling that the Ohio statute of frauds barred JGR's breach of oral contract claim and that its implied covenant of good faith claim also failed because it was based on the unenforceable oral contract.  *Id.* at 469.  JGR appealed and, in 2001, this Court reversed and remanded for further consideration of the "scope of the written terms of the 1992 Agreement."  *Id.* at 475.

At the 2002 trial, which followed the remand, a jury found that Thomasville had breached its 1992 written contract and awarded JGR zero lost profits and $1.5 million lost business value damages. The district court reflected this verdict when it entered a judgment in favor of JGR for "damages in the amount of $1,500,000.00 for the value of JGR, Inc." Thomasville appealed the final judgment order "in favor of Plaintiff/Appellee, JGR, Inc. and against Defendant/Appellant Thomasville Furniture Industries, Inc . . . ." JGR cross-appealed, restricting its appeal to "the portions of the final judgment entered by the District Court on May 28, 200[2], that denied plaintiff's requests and motions for prejudgment interest." This Court affirmed the "district court's judgment insofar as it reflects the jury's verdict as to liability," but held that the district court abused its discretion by admitting lay opinion testimony and that the improper admission "require[d] vacature of the jury's damages award and remand for a new trial solely on the issue of damages." *JGR II,* 370 F.3d at 521.

Before the start of the 2006 retrial on damages, the district court denied Thomasville's motion to preclude JGR from recovering lost profits based on its failure to appeal the 2002 jury's ruling of zero lost profits. At the retrial on damages, JGR presented expert testimony on damages, specifically lost profits, and the jury awarded JGR $3.3 million in lost profits and $3.53 million in lost opportunity costs. At the 2006 trial, the district judge did not instruct the jury regarding damages for loss of business value, nor did the verdict form list damages for loss of business value as an option for the jury to consider. After the trial was over, Thomasville asked for judgment as a matter of law or for a new trial. The district court denied those motions, and also found that JGR was entitled to prejudgment interest. The district court denied JGR's request to add the interest it owes Thomasville on the 1999 judgment to the award.

Thomasville now appeals, asking the Court to consider whether the district court erred by allowing JGR to seek lost profits when JGR failed to appeal the prior jury's verdict of zero lost profits. Thomasville also asks for review of: its motion for judgment as a matter of law, the admission of prebreach conduct evidence, the admission of expert testimony, the jury instructions, statements made at trial by the judge and by JGR's

counsel, and the propriety of "lost opportunity cost" damages.  JGR cross-appeals, asking for review of the district court's refusal to add to the judgment an amount equal to the interest it owes Thomasville.

II.

We first consider whether JGR waived its right to seek lost profit damages at the 2006 trial because it did not appeal the 2002 jury award of zero lost profits.  The district court ruled that JGR was not barred from seeking lost profits damages at retrial, and we review this legal conclusion *de novo*.  *Kalamazoo River Study Group v. Rockwell Int'l. Corp.*, 355 F.3d 574, 589 (6th Cir. 2004).

Federal Rule of Appellate Procedure 3(c)(B) requires "parties to designate the judgment, order, or part thereof being appealed in the notice of appeal."  Fed. R. App. P. 3(c)(B).  Although a notice of appeal should be given a liberal construction, *Smith v. Barry*, 502 U.S. 244, 248 (1992), a court of appeals has jurisdiction  only over the areas of a judgment specified in the notice of appeal as being appealed.  *Id.*; *see also United States v. Universal Mgmt. Servs., Inc., Corp.*, 191 F.3d 750, 756-57 (6th Cir. 1999); 20 Moore's Federal Practice § 303.21[3][c][vi].  A party that fails to appeal an issue "waive[s] his right to raise the[] issue[] before the district court on remand or before this court on appeal after remand.  The law-of-the case doctrine bars challenges to a decision made at a previous stage of litigation which could have been challenged in a prior appeal, but were not."  *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997).  Finally, when a judgment or order describes several different types of damages, but the notice of appeal specifies only a part of the judgment or order, the Court considers only the types of damages described in the notice of appeal.  *Drayton v. Jiffee Chem. Corp.*, 591 F.2d 352, 361 n.10 (6th Cir. 1978).

In this case, the district court entered judgment in favor of JGR for "damages in the amount of $1,500,000 for the value of JGR, Inc."  Thomasville appealed the final judgment "in favor of [JGR]" and JGR cross-appealed, but limited its appeal to "the portions of the final judgment entered by the District Court on May 28, 2000 [sic], that

denied plaintiff's requests and motions for prejudgment interest." In *JGR II*, we observed that Thomasville "appeals $1,500,000 judgment in favor of JGR, Inc. and JGR cross-appeals the denial of pre-judgment interest." 370 F.3d at 521. We explained that our opinion would "VACATE the jury's damages award and REMAND for a new trial solely on the issue of damages." *Id.* at 527.

The district court interpreted our decision to allow JGR to pursue damages for lost profits at the retrial, just as it had in the first trial. At the pre-trial conference denying Thomasville's motion to preclude JGR from asking for lost profits, the district court expressed its understanding that: "[w]hen the [Sixth] Circuit vacated the damages award, they meant vacate, so I'm denying that motion *in limine* as well . . . ." Yet, when we vacated the award for loss of business value, we lacked jurisdiction to vacate the lost profit award of zero because neither party designated it in their notice of appeal or even briefed the issue. Certainly, Thomasville did not consider an award of "zero" as a part of the judgment "in favor of Plaintiff . . . and against Defendant . . .," as it styled its notice of appeal. And JGR's notice of appeal specified only "portions of the final judgment." Indeed, JGR made no mention of lost profits in its 2004 appellate briefs, focusing instead on the merits of Thomasville's appeal and prejudgment interest. Thus, JGR did not challenge the zero lost profits award on appeal, and because of this, it waived any right to relitigate the issue in the retrial for damages. *See Adesida*, 129 F.3d at 850. Further, because our appellate jurisdiction extends only to the areas of a judgment specified in the notice of appeal, when we "vacated the jury's damages award," we only had the power to vacate the damages for loss of business – the subject of the judgment Thomasville appealed. *See Smith*, 502 U.S. at 248; *Universal Mgmt. Servs.*, 191 F.3d at 756-57.

We therefore hold that JGR's failure to appeal the zero lost profits damages award from the first trial bars it from arguing for lost profit damages and we vacate the 2006 jury award of lost profits. Our vacature of the lost profits award requires us to also vacate the lost opportunity cost award, because it was entirely dependent on lost profits. Because of the confusion stemming from our last remand, the 2006 jury was not charged

regarding damages for loss of business value, and the verdict form for damages did not include loss of business value as an option for the jury to consider.  We therefore remand for a new trial on damages for loss of business value.[1]

### *CONCLUSION*

For the foregoing reasons, we VACATE the district court's judgment entering the jury's damages award and REMAND for a new trial on damages for loss of business value.

---

[1]In light of our holding, we do not need to consider Thomasville's other arguments, nor do we rule on JGR's request for damages in the amount of interest on Thomasville's 1999 judgment against it.