RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0153p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

SHA'REWA BONNER,

    *Plaintiff-Appellant,*

   *v.*

DAVID PERRY, individually and in his official
capacity as an employee of the Department of
Probation and Parole,

        *Defendant,*

COMMONWEALTH OF KENTUCKY
DEPARTMENT OF CORRECTIONS,

      *Defendant-Appellee.*

No. 08-5562

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 07-00666—Charles R. Simpson III, District Judge.

Argued: March 12, 2009

Decided and Filed: April 20, 2009

Before: MOORE and WHITE, Circuit Judges; OLIVER, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Kirsten R. Daniel, OLDFATHER LAW FIRM, Louisville, Kentucky, for
Appellant. Brenn Oliver Combs, JUSTICE AND PUBLIC SAFETY CABINET,
Frankfort, Kentucky, for Appellee. **ON BRIEF:** Ann B. Oldfather, Vicki Lynn Buba,
OLDFATHER LAW FIRM, Louisville, Kentucky, for Appellant. Brenn Oliver Combs,
JUSTICE AND PUBLIC SAFETY CABINET, Frankfort, Kentucky, for Appellee.

_____

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of
Ohio, sitting by designation.

———————————

## OPINION

———————————

KAREN NELSON MOORE, Circuit Judge.    Plaintiff-Appellant Sha'rewa Bonner ("Bonner") appeals the district court's dismissal of her claim, brought under 42 U.S.C. § 1983, against the Commonwealth of Kentucky Department of Corrections ("DOC").[1]  Citing our decision in *Collard v. Kentucky Board of Nursing*, 896 F.2d 179 (6th Cir. 1990), the district court applied a one-year statute of limitations to Bonner's claim and concluded that the claim was filed outside the limitations period.  Bonner's sole contention on appeal is that *Collard* was wrongly decided, and thus that we should overrule the decision.  Because we do not have the power to overrule an earlier published Sixth Circuit decision under the instant circumstances, we **AFFIRM** the district court's dismissal.

### I.  FACTS AND PROCEDURE

The facts of this case are undisputed for the purposes of this stage of the litigation.  David Perry ("Perry") was a probation officer for DOC who supervised Bonner's probation from 1999 until at least May 2004.  From December 2003 until May 2004, "Perry routinely forced Bonner to engage in sexual acts with him," Record on Appeal ("ROA") at 9 (Compl. ¶ 26), and threatened Bonner that he would have her probation revoked if Bonner did not comply with Perry's demands.  Eventually, Bonner reported the abuse to the police, who investigated and "discovered that Perry had similarly sexually abused, intimidated and threatened at least six women under his supervision from 1999 until June 2004, in his capacity as a probation officer working for [] DOC."  ROA at 10 (Compl. ¶ 33).  Perry admitted the alleged abuse, pleaded guilty to criminal charges stemming from these incidents, and received a prison term of five years.

———————————

[1]As explained below, this appeal concerns only DOC's motion to dismiss.  David Perry ("Perry") filed a motion to dismiss that was granted on May 19, 2008; however, Bonner did not file a notice of appeal from that order, nor did she file an amended notice of appeal from the final judgment in the case.

Bonner filed this action against both Perry and DOC in the United States District Court for the Western District of Kentucky on December 3, 2007, asserting that the defendants violated 42 U.S.C. § 1983 and various state laws. DOC filed a motion to dismiss on December 20, 2007, alleging that a one-year statute of limitations applied to § 1983 actions arising in Kentucky, and that Bonner had filed her action outside the limitations period. The district court concluded that our decision in *Collard* mandated that a one-year statute of limitations applied in this case. Because Bonner alleged that DOC "violated her civil rights from December 2003 to May 2004," the district court concluded that Bonner's action was filed "well outside the one-year limitation period," and granted DOC's motion to dismiss. ROA at 47 (03/20/08 Dist. Ct. Op. and Order) (entered on district court docket sheet 03/24/08). Bonner filed a notice of appeal regarding this grant of summary judgment to DOC on April 21, 2008. This is the only notice of appeal that Bonner has filed in this action. Perry subsequently filed a motion to dismiss, which the district court granted on May 16, 2008. This order was entered on the district court docket sheet on May 19, 2008; however, a separate entry of judgment was never filed.

## II. ANALYSIS

### A. Appellate Jurisdiction

Although the parties did not raise the issue of appellate jurisdiction in their briefs, "we are under an independent obligation to police our own jurisdiction," and thus we can raise the issue of jurisdiction sua sponte. *S.E.C. v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001).[2] With certain limited exceptions not applicable here, we have jurisdiction only over appeals from final decisions of a district court. 28 U.S.C. § 1291. Moreover, "[a]n appeal permitted by law as of right from a district court to a

---

[2]We provided the parties with an opportunity to brief the issue of appellate jurisdiction in letter briefs. DOC, in addition to filing a letter brief regarding appellate jurisdiction, filed several other motions, including a motion to dismiss for lack of jurisdiction, a motion to set aside oral argument, and a motion to allow counsel to withdraw. We denied DOC's motion to set aside oral argument on March 6, 2009. *Bonner v. Perry*, No. 08-5562 (6th Cir. Mar. 6, 2009). Because we conclude that we do have jurisdiction to the hear the appeal, as explained below, we deny DOC's motion to dismiss for lack of jurisdiction. Additionally, because we hold that the district court correctly dismissed the action against DOC as time-barred, DOC's motion to allow counsel to withdraw is moot.

court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4" of the Federal Rules of Appellate Procedure.  Fed. R. App. P. 3(a)(1).

A notice of appeal must be filed "within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(A).  A judgment not based on Federal Rules of Civil Procedure 50(b), 52(b), 54, 59, or 60 is not entered until either (1) the judgment "is set out in a separate document" that is entered on the district court docket sheet; or (2) "150 days have run from the entry [of the judgment or order] in the civil docket."  Fed. R. Civ. P. 58(c)(2); *see also* Fed. R. App. P. 4(a)(7) (defining entry of judgment for Fed. R. App. P. 4(a) purposes).  However, "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."  Fed. R. App. P. 4(a)(2).

A grant of partial summary judgment that does not dispose of all parties and all claims is generally not immediately appealable unless the district court issues a Fed. R. Civ. P. 54(b) certificate.  *See Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003) (noting that "a partial grant of summary judgment is not ordinarily appealable" absent Rule 54(b) certification); *Levy v. Yenkin-Majestic Paint Corp.*, 893 F.2d 1334 (6th Cir. 1990) (unpublished order) ("In the absence of certification as a final judgment under Fed. R. Civ. P. 54(b), an order disposing of fewer than all parties or claims in an action is not a final, appealable order." (citing *William B. Tanner Co. v. United States*, 575 F.2d 101, 102 (6th Cir. 1978))); *see also EEOC v. Nw. Airlines, Inc.*, 188 F.3d 695, 700 (6th Cir. 1999) (noting that "[t]he district court must certify that a partial summary judgment may be appealed immediately").  A grant of partial summary judgment merges into a final judgment and can be reviewed upon appeal of the final judgment.  15B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 3914.28 (2d ed. 1991 & 2008 Supp.).  Moreover, a grant of partial summary judgment becomes a final judgment when a district court thereafter disposes of all remaining claims and parties.  *Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006) ("[A grant of] partial summary judgment becomes a final judgment

once the remaining parts of the case are dismissed or otherwise resolved."); *J.D. Pharm. Distribs., Inc. v. Save-On Drugs & Cosmetics Corp.*, 893 F.2d 1201, 1208 (11th Cir. 1990) (concluding that a grant of partial summary judgment became reviewable as a final order because the one named defendant that was not affected by the grant was later dismissed).

The instant appeal raises several jurisdictional issues. At the time that Bonner filed her notice of appeal regarding DOC, the grant of partial summary judgment in favor of DOC was not immediately appealable; Perry was still a party to the action at that time, there was no final judgment in the action, and no Fed. R. Civ. P. 54(b) order existed. Therefore, the notice of appeal filed on April 21, 2008 was premature. However, the district court entered an order dismissing the remaining party (Perry) on May 19, 2008. The initial grant of partial summary judgment in favor of DOC became reviewable as a final judgment at that time. *Porter*, 436 F.3d at 920. Nevertheless, the district court docket sheet reveals that the district court never complied with the separate-document requirement of Fed. R. Civ. P. 58(a) by entering a final judgment in the action. Thus, for purposes of appeal, the final judgment was not entered until 150 days after the entry of the order dismissing Perry—October 16, 2008. *See* Fed. R. Civ. P. 58(c). The notice of appeal from the final judgment was then required to be filed not more than 30 days later. Therefore, it is clear that the window in which Bonner could file a notice of appeal from the final judgment is now closed. Bonner has not filed a new notice of appeal from the final judgment. Thus, we have jurisdiction to hear this appeal only if Bonner's premature notice of appeal regarding the order of partial summary judgment for DOC can be given effect. *See* Fed. R. App. P. 3(a)(1), 4(a).

We were faced with this exact issue in *Gillis v. United States Department of Health and Human Services*, 759 F.2d 565 (6th Cir. 1985). In that case, the district court dismissed one of several defendants from a lawsuit. The plaintiffs filed a notice of appeal from that dismissal; subsequently, the district court dismissed all the other defendants from the case. However, the plaintiffs did not file a new notice of appeal after the dismissal of the remaining defendants. We were thus "presented with the

question of whether a premature notice of appeal is effective to vest this Court with jurisdiction where the remaining elements of the case have been finally disposed of but no new notice of appeal has been filed." *Id*. at 569. Citing numerous cases from other circuits, we concluded that we had jurisdiction to hear the appeal regarding the first dismissed defendant.

However, *Gillis*'s scope must be evaluated in light of a subsequent Supreme Court decision—*FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, 498 U.S. 269 (1991). In that case, the Supreme Court was confronted with a premature notice of appeal, filed after a district judge made an oral decision regarding all claims and parties, but before the district judge entered a final judgment. The Court interpreted Federal Rule of Appellate Procedure 4(a)(2) and "conclude[d] that Rule 4(a)(2) permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment." *Id*. at 274. The Court noted that "Rule 4(a)(2) was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." *Id*. at 276. The Court stressed that Fed. R. App. P. 4(a)(2) does not "permit[] a notice of appeal from a clearly interlocutory decision—such as a discovery ruling or a sanction order under Rule 11 of the Federal Rules of Civil Procedure—to serve as a notice of appeal from the final judgment," but instead "Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." *Id*. at 276.

We are not the first panel of our circuit to consider the effect of *FirsTier* on *Gillis*. In *Good v. Ohio Edison Co.*, 104 F.3d 93 (6th Cir. 1997), a panel of this court was confronted with a notice of appeal filed after a district court granted partial summary judgment dismissing one party, but before the aggrieved party obtained a Fed. R. Civ. P. 54(b) certification. In "hold[ing] that a premature notice of appeal ripens upon the entry of a proper Rule 54(b) certification," the panel analogized the situation to Fed. R.

App. P. 4(a)(2). *Id.* at 95. *Good* cited both *FirsTier* and *Gillis*, noting that each supported the panel's holding. During its analysis, the *Good* panel gave no indication that it believed *FirsTier* limited *Gillis* in any respect.

We agree with *Good* and conclude that *FirsTier* does not limit *Gillis*'s applicability. Our conclusion is supported by the numerous cases decided in several circuits that have held, post-*FirsTier*, that "when the court announces the disposition of fewer than all claims and a notice of appeal is filed referencing that disposition, the notice can relate forward to effect an appeal from that disposition as encompassed in a subsequent final judgment disposing of all claims against all parties." 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, & CATHERINE T. STRUVE, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 4th § 3950.5 (4th ed. 2008) (citing cases from the First, Second, Fifth, Ninth, and D.C. Circuits to support this proposition). Moreover, applying *Gillis* to the instant case, we believe that Bonner's premature notice of appeal regarding the grant to DOC of partial summary judgment is sufficient to vest us with jurisdiction to hear this appeal from the summary judgment granted in favor of DOC.

We stress, however, that our appellate jurisdiction encompasses only the appeal of the district court's dismissal of DOC, not the later dismissal of Perry. "[A] court of appeals has jurisdiction only over the areas of a judgment specified in the notice of appeal as being appealed." *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 550 F.3d 529, 532 (6th Cir. 2008). Bonner's notice of appeal specifically stated that she appeals "the Western District of Kentucky's Memorandum Opinion and Order entered March 20, 2008." Notice of Appeal. The district court's March 20 order addressed only the dismissal of DOC, not Perry. Moreover, Perry is not named anywhere in the notice of appeal; to the contrary, the notice of appeal states that "[t]he name of the party against whom this appeal is taken is Defendant, Commonwealth of Kentucky, Department of Corrections." *Id.* Thus, Bonner filed a limited notice of appeal, which vests us with jurisdiction over only the dismissal of DOC. Although the later dismissal of Perry altered the effectiveness of the premature notice of appeal, it did not and could not

change the scope of the notice. Therefore, Bonner is completely incorrect in her repeated assertions, in her letter brief and at oral argument, that we have jurisdiction to review the district court's dismissal of Perry. In order for this court to have such appellate jurisdiction, Bonner would have had to file a new notice of appeal after Perry was dismissed, specifying that she appealed from the final judgment in the action. 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, & CATHERINE T. STRUVE, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 4th § 3950.5 (4th ed. 2008) ("[T]o the extent [that an appellant such as Bonner] wishes to challenge the disposition of claims that were not disposed of until the final judgment, it must make sure to file a notice of appeal, or amended notice of appeal, that encompasses that disposition."). Bonner filed no such general notice of appeal from the final judgment, nor did she amend her notice of appeal from the dismissal of DOC to include Perry. Therefore, our review is limited to the partial summary judgment in favor of DOC.

**B. Standard of Review**

We review de novo "a district court's determination that a complaint was filed outside of the statute of limitations." *Wolfe v. Perry*, 412 F.3d 707, 713 (6th Cir. 2005). Furthermore, "[a] panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (alteration in original) (internal quotation marks omitted).

**C. Applicable Statute of Limitations**

Congress has failed to legislate a statute of limitations for § 1983 claims, and thus 42 U.S.C. § 1988 mandates that federal courts borrow state-law limitations periods. *Owens v. Okure*, 488 U.S. 235, 236, 239 (1989). The Supreme Court, in a series of cases, has determined that federal courts should "borrow and apply to all § 1983 claims the one most analogous state statute of limitations." *Id*. at 240. Moreover, the Court has held that "'§ 1983 claims are best characterized as personal injury actions,' [and thus a]

State's personal injury statute of limitations should be applied to all § 1983 claims." *Id*. at 240-41 (quoting *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). However, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id*. at 249-50.

In *Collard*, we interpreted and applied *Owens* to a § 1983 action arising out of Kentucky. In that case, the plaintiff claimed that the language in *Owens* that instructs courts to "borrow the 'general *or* residual statute for personal injury actions,'" allowed a court, in § 1983 cases arising in Kentucky, to apply either the one-year limitations period found in § 413.140(1)(a)[3] of the Kentucky Revised Statutes, what plaintiff asserted was "the 'general' personal injury statute," or the five-year limitations period found in § 413.120(6),[4] what plaintiff contended was "the 'residual' statute." *Collard*, 896 F.2d at 181 (quoting *Owens*, 488 U.S. at 250). The plaintiff further argued that "since she sustained no 'injury to the person' but, rather, an injury to '[her] rights,'" § 413.120(6)'s five-year statute of limitations should apply. *Collard*, 896 F.2d at 181 (alteration in original). The panel rejected this reading of *Owens* and, after reviewing the entirety of §§ 413.120 and 413.140, the panel determined that "Kentucky does not have 'multiple' statutes of limitations for personal injury actions." *Id*. at 181. Rather, "[§] 413.140(1)(a) is appropriately referenced as the general personal injury limitations statute." *Id*. at 182. Thus, the panel held that "[§] 1983 actions in Kentucky are limited by the one-year statute of limitations found in [§] 413.140(1)(a)." *Id*.

---

[3] Section 413.140(1)(a) provides:
(1)    The following actions shall be commenced within one (1) year after the cause of action accrued:
(a)    An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant[.]
Ky. Rev. Stat. Ann. § 413.140(1)(a).

[4] This subsection has since been renumbered as § 413.120(7), which provides:
The following actions shall be commenced within five (5) years after the cause of action accrued:
(7)    An action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated.
Ky. Rev. Stat. Ann. § 413.120(7).

Bonner argues that *Collard* should be overruled.  However, Bonner does not cite any intervening Supreme Court decision that would allow us to reconsider the issue, nor are we sitting en banc.  Therefore, we do not have the power to overrule *Collard*. *Darrah*, 255 F.3d at 309.  Thus, Bonner's argument must fail, and a one-year statute of limitations must be applied to Bonner's claim.  Applying this one-year statute of limitations, we conclude that it is clear that Bonner's claim was filed outside the limitations period.  The district court found that Bonner's claim accrued in 2004 and that she did not file this action until 2007.  Bonner does not challenge these findings. Therefore, we hold that the district court correctly dismissed Bonner's claim as time-barred.

## III.  CONCLUSION

Because Bonner filed her action outside the applicable limitations period, we **AFFIRM** the district court's dismissal of Bonner's claims against DOC.