**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 09a0445n.06

**No. 08-4333**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 30, 2009**
LEONARD GREEN, Clerk

BEATRIZ LANDINO-GOMEZ,                )
                                       )
        Petitioner,                    )
                                       )
                                       ) ON PETITION FOR REVIEW OF AN
v.                                     ) ORDER OF THE BOARD OF
                                       ) IMMIGRATION APPEALS
                                       )
ERIC H. HOLDER, JR.,                   )
United States Attorney General,        )
                                       )
        Respondent.                    )

**Before: CLAY and SUTTON, Circuit Judges; and THAPAR, District Judge.**[*]

**THAPAR, District Judge.** Beatriz Landino-Gomez, a native and citizen of Mexico, entered

the United States illegally on January 3, 1993. On April 29, 2002, the Immigration and

Naturalization Service (now part of the Department of Homeland Security) served her with a notice

to appear before an immigration judge and answer the charge that she was subject to removal. Ms.

Landino-Gomez attempted to cancel her removal pursuant to 8 U.S.C. § 1229b(b). Under the current

statute, an alien who was placed in removal proceedings after April 1, 1997, can apply for

discretionary suspension of deportation if she can establish, among other things, that she was

physically present in this country for the ten years preceding the date of application. *See* 8 U.S.C.

§ 1229b(b)(1)(A). Importantly, the ten-year time period stops accruing at the time an alien receives

_____

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

a notice to appear. *See* 8 US.C. § 1229b(d)(1)(A). This is referred to as the "stop-time" rule. Ms. Landino-Gomez received her notice to appear eight months before the ten-year period would have run. Thus, applying the stop-time rule, the Immigration Judge found that she was unable to seek cancellation of her removal. The Board of Immigration Appeals affirmed. We review their legal determinations decisions *de novo*. *Suassuna v. INS*, 342 F.3d 578, 581 (6th Cir. 2003).

Before Congress changed the statute in 1997, the time period required for continuous presence was seven years. Ms. Landino-Gomez claims that the application of the new statute violates her due process rights.

The facts in this case—as laid out above—are undisputed. The sole question before this Court is whether retroactive application of the stop-time rule violates due process. As an initial matter, the law is not being applied retroactively to her. As the Attorney General points out, the notice to appear was served on Ms. Landino-Gomez over five years after the effective date of the statute.

Even if it were being applied retroactively, however, it would not violate her due process rights. This Court has previously held that a petitioner does not have "a vested right in suspension of a deportation" where there has been no final order suspending deportation. *Casillas-Figueroa v. Gonzales*, 419 F.3d 447, 450 (6th Cir. 2005) (citing *Sad v. INS,* 246 F.3d 811, 820 (6th Cir. 2001) (holding retroactive application of statute did not violate due process because alien had no vested right to suspension of deportation)). Here, Ms. Landino-Gomez never received an order suspending deportation, and thus, she had no vested right in any such suspension. Consequently, there was no due process violation.

Ms. Landino-Gomez encourages this panel to revisit *Casillas* and says nothing regarding *Sad.* Because a panel of this court may not overrule the decision of another panel, *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009) (quoting *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001)), we decline the invitation to revisit *Casillas*.

For these reasons, we affirm the Board of Immigration Appeals and deny the petition for review.