RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0287p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

GREGORY LEE WILSON,

        *Plaintiff-Appellant,*

    *v.*

JOHN D. REES,

        *Defendant,*

THOMAS SIMPSON, in his official capacity as
Warden, Kentucky State Penitentiary; SCOTT
HAAS, in his official capacity as Medical
Director for the Kentucky Department of
Corrections; STEVE BESHEAR, in his official
capacity as Governor of the Commonwealth
of Kentucky; LADONNA H. THOMPSON, in her
official capacity as Commissioner, Kentucky
Department of Corrections,

        *Defendants-Appellees.*

No. 09-6306

Appeal from the United States District Court
for the Eastern District of Kentucky at Frankfort.
No. 07-00078—Karen K. Caldwell, District Judge.

Decided and Filed: September 3, 2010

Before: BOGGS, GIBBONS, and COOK, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** William E. Sharp, AMERICAN CIVIL LIBERTIES UNION OF
KENTUCKY, GENERAL COUNSEL, Louisville, Kentucky, Michael J. O'Hara,
O'HARA, RUBERG, TAYLOR, SLOAN & SARGENT, Covington, Kentucky, for
Appellant. John C. Cummings, COMMONWEALTH OF KENTUCKY, JUSTICE AND
PUBLIC SAFETY CABINET, Frankfort, Kentucky, for Appellees.

1

————————————

**OPINION**

————————————

BOGGS, Circuit Judge.   Appellant Gregory Wilson is a Kentucky inmate.   In 1988, a jury convicted him of murder, kidnapping, rape, robbery, and conspiracy to commit robbery, and he was sentenced to death.   Wilson's direct review concluded in 1993 when the U.S. Supreme Court denied certiorari.   *Wilson v. Kentucky*, 507 U.S. 1034 (1993).

In November 2007, Wilson filed the underlying action in district court under 42 U.S.C. § 1983.   Wilson challenged Kentucky's lethal injection protocol as contrary to the Eighth and Fourteenth Amendments of the United States Constitution and to analogous provisions of the Kentucky Constitution.

The district court dismissed Wilson's complaint as time-barred by Kentucky's one-year statute of limitations on civil actions, relying on this court's holding in *Cooey v. Strickland (Cooey II)*, 479 F.3d 412 (2007).   *Wilson v. Rees*, No. 3:07-CV-78-KKC, 2009 WL 3188947 at *3 (E.D. Ky. Sept. 30, 2009); *see* KY. REV. STAT. § 413.140(1)(a). In *Cooey II*, we ruled that the accrual date for method of execution claims is the date of the conclusion of direct review, or if direct review concluded before the method of execution was established, when the inmate "knew or should have known [the method of execution] based upon a reasonable inquiry, and could have filed suit and obtained relief."   *Cooey II*, 479 F.3d at 421-22.   In accordance with *Cooey II*, the district court held that the statute of limitations began to run no later than 2004, when Wilson filed a prison grievance challenging the protocol, and that Wilson's claim was thus time-barred. *Wilson v. Rees*, No. 3:07-CV-78-KKC at *7.   Wilson's timely appeal followed.

We review a district court's holding that a complaint is barred by the statute of limitations under the *de novo* standard.   *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009); *see Cooey II*, 479 F.3d at 416.   Wilson does not argue that the district court incorrectly applied *Cooey II*, however, so we must assume that the court's *Cooey II*

analysis was correct. *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 462 (6th Cir. 2003) ("An appellant waives an issue when he fails to present it in his initial briefs before this court.").

In November 2009, shortly after Wilson filed his appeal, the Kentucky Supreme Court held that the state's lethal injection protocol must comply with Kentucky's Administrative Procedures Act, and that before any further inmates were executed, the state had to issue the protocol as a valid regulation. *Bowling v. Ky. Dept. of Corrections*, 301 S.W.3d 478, 492 (Ky. 2009). Within weeks, the state issued a proposed regulation, and after a notice-and-comment period, the lethal injection protocol was adopted as a regulation on May 7, 2010. *See* 501 KY. ADMIN. REGS. 16:330 (2010).

Wilson argues that *Bowling* voided the state's lethal injection protocol and that the statute of limitations must reset upon the issuance of the new regulation. Wilson further argues that remand is necessary to fully determine *Bowling's* impact on the statute of limitations analysis.

We disagree and hold that *Cooey II* continues to squarely control this case, even after the Kentucky Supreme Court decision in *Bowling*. In *Cooey II*, the court was confronted with a similar claim against Ohio's lethal injection protocol. *See Cooey II*, 479 F.3d at 423. During the pendency of the appeal, Ohio made changes to its lethal injection protocol in response to various issues encountered in a previous execution. *Ibid.* The changes included a more flexible time frame, a more complete pre-execution medical examination, and various changes to the IV procedure. *Id.* at 424. Because none of these changes related to Cooey's "core complaints," we held that the timeliness of Cooey's complaint was not impacted by the changes to Ohio's protocol. *Ibid.*

Here, the state merely adopted its preexisting protocol as a regulation, making no material changes to the method of execution. Wilson's "core complaints" challenge the drugs used and the methods of administering those drugs, issues extraneous to whether the protocol is issued as an internal guidance document or as an administrative regulation. As it relates to Wilson's claims, the new regulation is indistinguishable from the previous lethal injection protocol. *Compare* 501 KY. ADMIN. REGS. 16:330 *with*

Lethal Injection Protocol (12/14/2004), *Baze v. Rees*, 553 U.S. 35, 128 S.Ct. 1520, J.A., vol. IV at 971-983 (2007) *and* First Amended Complaint, R. 3 at 6-7. Further, Wilson makes no reference to any particular protocol document in his complaint, but rather describes the method of execution that he seeks to challenge. Quite reasonably, Wilson's complaint is not concerned with the form of the protocol, but rather the manner in which the protocol dictates that he will be executed. To the extent that his manner of execution allegations were true at the time he filed his complaint, they are equally as true today. There is even less possible merit to a claim of change of circumstances that, arguably, would restart the statute of limitations clock than there was in *Cooey II* itself, which rejected such a claim. Therefore, *Bowling* and its aftermath do not disrupt the district court's holding that Wilson's complaint is barred by the statute of limitations. *Cooey II*, 479 F.3d at 421-24.

In the alternative, Wilson argues that *Cooey II* was wrongly decided. We can not entertain this argument. *Salami v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decisions of another panel. The prior decision remains the controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.").

The decision of the district court is therefore AFFIRMED.