NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0015n.06

No. 11-3552

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 07, 2013*
DEBORAH S. HUNT, Clerk

WILLIAM L. LANE,                                  )
                                                 )
    Plaintiff-Appellant,                          )
                                                 )
v.                                               )    ON APPEAL FROM THE UNITED
                                                 )    STATES DISTRICT COURT FOR
WEXFORD HEALTH SOURCES                           )    THE SOUTHERN DISTRICT OF
(CONTREATOR); VANESSA SAWYER, Health             )    OHIO
Care Administrator; PAMILA REDDEN,               )
                                                 )
    Defendants-Appellees.                         )

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  William L. Lane, a pro se Ohio prisoner, appeals the dismissal of two defendants from his civil rights action filed pursuant to 42 U.S.C. § 1983.  Lane has moved for leave to proceed in forma pauperis on appeal.

Seeking monetary and injunctive relief, Lane sued Wexford Health Sources (Wexford), a company providing services to Noble Correctional Institution prisoners; Pamela (spelled "Pamila" by the plaintiff) Redden, a physician employed by Wexford; and Vanessa Sawyer, a Health Care Administrator at the prison.  Lane alleged that he is disabled from arthritis in his left leg, a previous gun shot wound to that leg, and a discrepancy between the length of his legs.  He claims that: (1) Redden exhibited deliberate indifference to his disabilities by failing to provide him with a low-level dorm accommodation and, as a result, he injured himself on December 31, 2009, and again on February 18, 2010, while moving to another floor; (2) unspecified medical staff told him to throw out his old shoes, which contained a heel lift, because he was going to get a new pair; (3) unspecified

medical staff denied him medical care for over two weeks after his injuries on February 18, 2010; and (4) Sawyer failed to intervene, despite knowing of the problems he was having with medical staff.

Wexford and Redden (collectively the Wexford defendants) moved for summary judgment. A magistrate judge recommended granting the motion. Lane objected and moved to subpoena his medical records. The magistrate judge granted Lane additional time to review his medical records and to file supplemental objections, but denied his request for a subpoena. Thereafter, Lane filed supplemental objections, along with various motions for additional relief. The district court adopted the magistrate judge's recommendation and granted summary judgment for the Wexford defendants. The district court denied Lane's various motions for relief. Lane filed a notice of appeal.

Sawyer then successfully moved for summary judgment. Lane did not appeal the district court order dismissing Sawyer as a defendant or the district court's final judgment terminating the case.

On appeal, Lane challenges the dismissals of all three defendants and argues that the dismissals were based on an incomplete record. However, Lane's notice of appeal was premature, given that the order he appealed disposed of fewer than all the parties and claims. *See* Fed. R. Civ. P. 54(b). While the final judgment vested us with jurisdiction to hear the appeal with respect to the Wexford defendants, *see Bonner v. Perry*, 564 F.3d 424, 429 (6th Cir. 2009), the notice of appeal did not do so with respect to Sawyer because the allegations against Sawyer had not been dismissed when Lane filed his notice of appeal. *See id*. To challenge the dismissal of Sawyer, Lane "would have had to file a new notice of appeal after [Sawyer] was dismissed, specifying that [he] appealed from the final judgment in the action." *Id*. He did not do so. Thus, only Lane's challenges to the dismissal of the Wexford defendants and to the completeness of the record are properly before us.

We review the district court's decision de novo. *Williams v. Mehra,* 186 F.3d 685, 689 (6th Cir. 1999).

The district court properly entered summary judgment in favor of the Wexford defendants. Although "a private entity that contracts to perform traditional state functions may . . . be sued pursuant to § 1983," a § 1983 claim cannot be based solely on a theory of respondeat superior. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). Rather, an entity may be liable under § 1983 only if its official policies or customs resulted in injury to the plaintiff. *Id.* Lane sued Wexford and alleged only that its medical staff inadequately treated his medical conditions. Such allegations do not state a § 1983 claim. *Id.*

The district court also properly granted summary judgment in favor of Redden. To establish an Eighth Amendment claim regarding medical treatment, a prisoner must demonstrate that the defendant acted, or failed to act, with "'deliberate indifference to serious medical needs.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). That standard requires a state of mind that evinces "deliberateness tantamount to intent to punish." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" is not an Eighth Amendment violation. *Farmer*, 511 U.S. at 838.

Lane's chief complaint against Redden is that she did not grant his requests for a low-level dorm accommodation prior to his injuries in December 2009 and February 2010. Nothing in the record, however, suggests that Redden acted with the requisite intent required to support a claim of deliberate indifference. Lane was transferred to the Noble Correctional Institution in November 2009. He was seen at a Chronic Care Clinic on November 21, 2009, at which time it was reported that he "ambulates well." Further, Lane was told to "exercise" as part of his Chronic Care Clinic treatment plan. Redden saw Lane on November 27, 2009. Contrary to his allegations of deliberate indifference, Redden changed his medication on that date, at Lane's request, to treat his complaints of leg pain. Lane was seen by a podiatrist on December 19, 2009. The podiatrist prescribed him a 5/8-inch shoe lift, noting that Lane had a temporary shoe lift at the time. Nothing in the podiatrist's

notes from that date indicate that Lane's mobility should be limited. Furthermore, a March 9, 2010, entry in Lane's medical records recommends that Lane "try to walk." These records suggest an attempt by medical staff, including Redden, to keep Lane mobile. They do not suggest that Lane's medical needs were being deliberately disregarded.

Lane attempts to bolster his deliberate-indifference claim against Redden by highlighting the fact that a non-defendant doctor at the prison gave him a low-level dorm accommodation and a cane on March 10, 2010. However, these assertions do not show deliberate indifference on Redden's part. Lane's allegations suggest, at most, a difference in medical opinion, which is not actionable under § 1983. *See Estelle*, 429 U.S. at 107.

Further, because Lane does not allege facts showing that Redden was personally involved in ordering shoes for him, or in the purported two-week delay in treatment after his February 18, 2010, injuries, these assertions do not support a deliberate-indifference claim against Redden. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Moreover, Lane's records show that he was scheduled for nurse sick call on February 19, 2010, but was a "no show." Further, in April 2010, medical staff told Lane that they would order the boots Lane was requesting at that time if the podiatrist prescribed them.

Lane unpersuasively argues that the district court based its judgment on an incomplete record. We review for an abuse of discretion a claim that summary judgment was prematurely granted due to the lack of discovery. *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996). Lane did not file an affidavit asserting that facts necessary to oppose the Wexford defendants' summary judgment motion were unavailable to him. Fed. R. Civ. P. 56(d). "[T]o preserve the argument that the grant of summary judgment was too hasty and precluded necessary discovery, the appellant must have complied with the strictures of Federal Rule of Civil Procedure 56[(d)]." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995). "Bare allegations or vague assertions of the need for discovery are not enough." *Summers v. Leis*,

368 F.3d 881, 887 (6th Cir. 2004).  Because Lane failed to satisfy the requirements of Rule 56(d), the district court was under no obligation to allow additional discovery pertaining to his medical records before granting summary judgment.

The district court's judgment is affirmed and Lane's motion for leave to proceed in forma pauperis is denied as moot.