NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0566n.06

No. 16-6802

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MARYANN BULLOCK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CITY OF COVINGTON; JAMES C. EDIGER, In his | ) | COURT FOR THE EASTERN |
| individual capacity, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

FILED
Oct 06, 2017
DEBORAH S. HUNT, Clerk

Before: SUHRHEINRICH, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Maryann Bullock appeals the dismissal of her claims against the City of Covington and its Code Enforcement Officer James Ediger. With one minor exception, we affirm.

Maryann Bullock lives at 923 Cherry Street. The street in front of her home has always been unpaved, and since the 1990s has been mostly inaccessible to motor vehicles. Although Bullock has occasionally asked the City to pave or otherwise improve her stretch of Cherry Street, the City has refused. Bullock accesses her driveway through a paved alley in the back, which the City resurfaced in 2014.

Bullock brought this lawsuit in April 2016, seeking a declaratory judgment that Cherry Street is a public street. Bullock also asserted two claims under 42 U.S.C. § 1983, asserting that the City deprived her of property and denied her equal protection of the law in violation of the

Fourteenth Amendment. She also asserted a state-law claim asserting that the City's failure to pave Cherry Street created a public nuisance and a tort claim against James Ediger, a Covington Code Enforcement Officer.

Although Bullock was initially represented by attorneys J. Christian Dennery and Maria Lagdameo, the district court disqualified Dennery because he had previously represented the City on matters related to Bullock's claims. The court also disqualified Lagdameo for reasons not at issue here. Bullock then hired a new lawyer.

The City and Ediger filed motions to dismiss for failure to state a claim, which the district court granted except as to Bullock's tort claim against Ediger. As to that claim, the district court declined to exercise supplemental jurisdiction. This appeal followed.

Bullock first argues that the district court should not have disqualified Dennery. We review that decision for an abuse of discretion. *United States v. Brock*, 501 F.3d 762, 771 (6th Cir. 2007). The district court disqualified Dennery under a Kentucky Rule of Professional Conduct that prohibits a lawyer from "represent[ing] a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee[.]" SCR 3.130(1.11)(a)(2). Specifically, the court found that Dennery, a former City lawyer, had worked on nuisance complaints and various issues related to the City's streets. Bullock now asserts that the Kentucky rule does not bar Dennery's representation because none of Dennery's work for the City involved her personally. But Bullock's own complaint includes facts drawn from the various matters on which Dennery represented the City. Hence the district court did not abuse its discretion when it disqualified him.

Bullock next challenges the court's dismissal of her claims under 42 U.S.C. § 1983, which the court held were time-barred. We review that decision de novo. *See Moody v. Mich.*

*Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017). Kentucky's one-year statute of limitations applies to Bullock's § 1983 claims. *See Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009). Here, per Bullock's own complaint, all of her relevant injuries were caused by discrete acts, most recently a 2014 decision not to pave the street in front of her house. That decision came more than one year before Bullock filed suit. Her § 1983 claims are therefore untimely.

Bullock also challenges the dismissal of her nuisance claim, as to which the district court held the City was entitled to state-law immunity. Kentucky law affords local governments immunity from liability for claims "arising from the exercise of . . . legislative or quasi-legislative authority[.]" Ky. Rev. Stat. § 65.2003(3). The district court held—and Bullock does not dispute here—that the City exercised legislative authority when it decided which roads to pave. Bullock now argues that Kentucky law waives municipal immunity for takings claims, and that her nuisance claim ought to be construed as a takings claim. But Bullock did not present that argument to the district court. Thus the argument is forfeited. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008).

Bullock also challenges the court's dismissal of her declaratory-judgment action, which we review for an abuse of discretion. *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014). In exercising that discretion, the district court may consider, among other things, whether the requested judgment would be an appropriate use of judicial power. *See id* at 759. Here, the district court determined that Bullock's claim for declaratory relief essentially asked the court to act as a city road commissioner. Suffice it to say that the court's refusal to do so was not an abuse of discretion.

That leaves Bullock's tort claim against Ediger. The district court chose not to exercise supplemental jurisdiction over that claim, *see* 28 U.S.C. § 1367, and instead dismissed it with prejudice. Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the claims without prejudice. *See, e.g.*, *Grubbs v. Sheakley Grp., Inc.*, 807 F.3d 785, 792 (6th Cir. 2015); *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 475 (6th Cir. 2015). We see no reason to deviate from that practice here. We therefore vacate the district court's judgment as to that claim so that the court can dismiss it without prejudice.

\* \* \*

The district court's judgment is affirmed, except that we instruct the court to dismiss Bullock's claim against Ediger without prejudice.