NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0447n.06

No. 21-1027

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Oct 02, 2025

KELLY L. STEPHENS, Clerk

)
)
JERMAINE FRANKLIN JR., INC, et al., )
)     ON APPEAL FROM THE
    Plaintiffs-Counterclaim Defendants- Appellees, )     UNITED STATES DISTRICT
)     COURT FOR THE EASTERN
v. )     DISTRICT OF MICHIGAN
)
MARK F. HAAK, )     OPINION
)
    Defendant-Counterclaim Plaintiff-Appellant. )
)

Before: GILMAN, McKEAGUE, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge**. Plaintiff-Appellee Jermaine Franklin is a professional boxer, and Defendant-Appellant Mark Haak is his manager. After Franklin won a national boxing championship in 2014, he sought a manager. Later that year, Franklin met Haak, and they signed a contract.

As time went on, Franklin became frustrated with Haak's performance as a manager. So he tried to terminate the contract in August 2018. This went nowhere, and Franklin and Haak eventually sued each other.

In April 2019, Franklin filed the operative First Amended Complaint in the Eastern District of Michigan for a violation of the Muhammad Ali Act, a violation of the Boxers Bill of Rights, a violation of the Pennsylvania Boxing Code, breach of contract, fraud, tortious interference, breach of fiduciary duty, and defamation. Haak answered and counterclaimed for declaratory judgment, equitable estoppel, and breach of contract.

After some motion practice cut down almost all of Franklin's claims, the parties cross-moved for summary judgment on Haak's declaratory judgment claim, Franklin's affirmative defenses, and Franklin's request for an accounting. The district court entered an order dated November 6, 2020, which sided with Haak on Franklin's outstanding claims and agreed with Franklin that the tolling provision of the contract kicked in on March 1, 2019. The district court did not rule on the counts for equitable estoppel and breach of contract, nor is there any indication on the district court's docket that those claims were disposed of.

Haak timely appealed from the district court's November 6, 2020, order. After the appeal was briefed but before it was submitted to the panel, Franklin petitioned for bankruptcy relief, so we held this case in abeyance. *See* 11 U.S.C. § 362(a)(1) (automatically staying all litigation involving a debtor during the bankruptcy case). That bankruptcy case concluded on September 15, 2025, so we dissolved the abeyance. *See id.* § 362(c)(2)(B) (automatically lifting the stay when the bankruptcy case is dismissed). As a result, we now consider the appeal.

"With certain limited exceptions not applicable here, we have jurisdiction only over appeals from final decisions of a district court." *Bonner v. Perry*, 564 F.3d 424, 426–27 (6th Cir. 2009). "A grant of partial summary judgment that does not dispose of all parties and all claims is generally not immediately appealable unless the district court issues a Fed. R. Civ. P. 54(b) certificate." *Id.* at 427. The district court's order was a grant of partial summary judgment and did not dispose of Haak's claims for equitable estoppel and breach of contract. The parties agree that those claims remain pending, and the district court did not certify that there was no just reason for delaying the appeal under Rule 54(b). So we do not have a final and appealable order before us. We therefore **DISMISS** the appeal for lack of jurisdiction.