NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1104n.06

No. 11-6128

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
***Oct 26, 2012***
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| BUSTER CHANDLER, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| COOKIE CREWS, Warden; WILLIAM | ) | THE WESTERN DISTRICT OF |
| PALMER, Director of General Operations | ) | KENTUCKY |
| Unit C; MELODY SMITH, Dorm 9 Unit | ) | |
| Manager; JOHN DOES; JANE DOES, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Buster Chandler, Jr., a pro se Kentucky prisoner, appeals the district court's interlocutory order denying his motion for a preliminary injunction.

Chandler sought injunctive relief alleging that the defendants' enforcement of Corrections Policy and Procedure (CPP) 17.1(B), which limits the amount of legal material in an inmate's living area to two cubic feet, violates his constitutional rights. After its initial screening of Chandler's complaint, the district court allowed some of Chandler's claims to proceed.

Chandler moved for a temporary restraining order, asserting that correctional officers told him that he had too much legal material in his cell in violation of CPP 17.1(B) and directed him to mail his legal material within forty-five days. Otherwise, Chandler claimed, the defendants would

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

force him to throw away his legal material, which he needs to file a motion for a new trial. On June 21, 2011, the district court denied Chandler's motion for a temporary restraining order, which the court construed as also seeking preliminary injunctive relief.

Chandler then filed a motion for an emergency protective order in which he asserted that the deputy warden gave him a forty-five-day extension to mail home his trial tapes, or have them destroyed. He requested a protective order to prevent the defendants from forcing him to mail his trial tapes. In their response, the defendants asserted that Chandler challenged the enforcement of Internal Policy and Procedure (IPP) 21-00-02, which addresses inmate retention and use of audio or videotape court transcripts. IPP 21-00-02 provides that audio and videotape court transcripts are stored for inmate use only in the prison library and that the inmate has forty-five days to complete review of the court transcript unless a written extension is granted. On September 12, 2011, the district court denied Chandler's motion.

Chandler filed a timely notice of appeal from the district court's order denying his motion for preliminary injunctive relief with respect to his trial tapes. While Chandler attaches that order to his brief, his brief does not mention his trial tapes or IPP 21-00-02. Instead, Chandler argues that the district court abused its discretion in denying him an injunction to prevent the defendants from forcing him to throw away his legal material, apparently challenging the district court's June 21, 2011, order.

We lack jurisdiction over Chandler's attempted appeal of the district court's June 21, 2011, order. Federal Rule of Appellate Procedure 3(c)(1)(B) requires a notice of appeal to "designate the judgment, order, or part thereof being appealed." While courts should liberally construe Rule 3's requirements, the Rule's "dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992). Accordingly, we have "jurisdiction only over the areas of a judgment specified in the notice of appeal as being appealed." *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 550 F.3d 529, 532 (6th Cir. 2008). Chandler's notice of appeal

designated only "this court's order enter[ed] on 9-9-11 [sic]." Because Chandler failed to designate the June 21, 2011, order in his notice of appeal, we lack jurisdiction to review that order.

Chandler's brief does not mention his trial tapes or IPP 21-00-02, which were the subject of the district court's September 12, 2011, order. Issues adverted to "in a perfunctory manner, unaccompanied by some effort at developed argumentation," are waived. *Langley v. DaimlerChrysler Corp*., 502 F.3d 475, 483 (6th Cir. 2007) (internal quotation marks and citation omitted). By failing to address the district court's denial of preliminary injunctive relief with respect to his trial tapes, Chandler has abandoned his appeal regarding the district court's order. *See Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir. 2006); *Thaddeus-X v. Blatter*, 175 F.3d 378, 403 n.18 (6th Cir. 1999) (en banc).

The district court's interlocutory order denying Chandler's motion for preliminary injunctive relief is affirmed.