36 F.3d 1097
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin Thomas FORD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3469.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1994.
 
 Before: KRUPANSKY, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Kevin Thomas Ford, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is the fourth time Ford has been before this court challenging his conviction and sentence for receipt and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. Sec. 922(g)(1) and Sec. 924(a)(1). Ford's sentence was enhanced to 20 years in prison pursuant to the penalty provisions of the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e)(1). A panel of this court affirmed his conviction in part and reversed in part, remanding the case to the district court for a new trial on count three of the indictment. United States v. Ford, 872 F.2d 1231 (6th Cir.1989), cert. denied, 495 U.S. 918 (1990). Upon retrial, Ford was again convicted of count three as well as both counts of a superseding indictment and was sentenced to a total of 30 years. Again, this court affirmed the district court's judgment in part and reversed in part, remanding the case for the vacation of count three of the original indictment and for resentencing. United States v. Ford, No. 89-3841, 1990 WL 52338 (6th Cir. April 30, 1990) (per curiam). Upon remand, the district court resentenced Ford to 20 years--the same sentence as originally imposed. This time on appeal, counsel filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel's motion to withdraw was granted and the district court's judgment was affirmed in an unpublished order pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. United States v. Ford, No. 90-3569, 1991 WL 12770 (6th Cir. Feb. 6, 1991).
 
 
 3
 In his motion to vacate, Ford raised four grounds for relief: (1) the trial court erred in sentencing him as a career criminal under U.S.S.G. Sec. 4B1.1, (2) he received ineffective assistance of trial and appellate counsel, (3) the trial court's inherent judicial bias and vindictiveness violated his due process rights, and (4) his right to a fair trial was violated by multiple instances of prosecutorial misconduct. The district court denied Ford's motion in an opinion and order filed on March 22, 1994. The court found that Ford was not sentenced under U.S.S.G. Sec. 4B1.1 because his offense occurred before the effective date of the sentencing guidelines, that Ford did not show that counsel's performance was deficient or that he suffered prejudice from any alleged deficiency, that Ford failed to demonstrate personal bias on the part of the court, and that the allegations of prosecutorial misconduct had either been decided previously on appeal or were meritless.
 
 
 4
 On appeal, Ford abandons his sentencing guidelines issue, but now argues that his sentencing under Sec. 924(e)(1) violated the Ex Post Facto Clause. He continues to assert the merits of his other grounds for relief.
 
 
 5
 Upon review, we affirm the district court's order because Ford has not established a fundamental defect in his proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 Ford concedes the inapplicability of the sentencing guidelines to his case and so abandons that issue on appeal. Thus, it is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 In place of the career offender issue, Ford presents on appeal an assertion that his sentencing as an armed career criminal under 18 U.S.C. Sec. 924(e)(1) violated the Ex Post Facto Clause. His claim is based on the fact that this provision did not become effective until November 16, 1986, approximately two weeks after the date on which he purchased the firearm. Unless exceptional circumstances are present, the court normally will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). There are no exceptional circumstances present in this case. In any event, the issue is meritless. His possession of a firearm on August 10, 1987, was subject to the sentence enhancement.
 
 
 8
 To establish ineffective assistance of counsel, the movant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); Sims v. Livesay, 970 F.2d 1575, 1579-81 (6th Cir.1992). On appeal, Ford argues only the alleged ineffectiveness of appellate counsel.
 
 
 9
 Ford first complains that counsel did not present all of his issues on appeal as he wished them to be presented. This claim is insufficient to warrant habeas relief because it is settled that appellate counsel need not advance every argument, regardless of merit, urged by the appellant. Evitts v. Lucey, 469 U.S. 387, 397 n. 8 (1985); Jones v. Barnes, 463 U.S. 745, 754 (1983).
 
 
 10
 Ford also argues that appointed counsel's filing of an Anders brief in his third direct appeal constituted ineffective assistance. However, in granting counsel's motion to withdraw, this court found that the Anders brief filed by counsel was adequate. Further the court's own independent review of the record at that time did not reveal any plain error. Finally, Ford was free to file his own response to counsel's brief if he thought that brief to be inadequate. Ford's allegations are insufficient to establish that appellate counsel was ineffective.
 
 
 11
 By abandoning it on appeal, Ford has waived his ineffective assistance of trial counsel claim. See Boyd, 948 F.2d at 284. In any event, it is meritless for the reasons stated by the district court in its thorough opinion.
 
 
 12
 Ford's third issue is meritless because he has failed to show extrajudicial bias or vindictiveness on the part of the district court. See Liteky v. United States, 114 S.Ct. 1147, 1157 (1994). Ford rests his claim principally on the sentence imposed by the trial judge. However, this is a judicial ruling that is itself a proper basis for appeal and would only support a finding of judicial bias in an extraordinary circumstance where the ruling "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." Id. at 1158. Ford's case does not meet that standard and this claim does not merit collateral relief.
 
 
 13
 Finally, Ford has failed to establish prosecutorial misconduct so egregious as to deny him a fundamentally fair trial. See Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1355 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994).
 
 
 14
 To the extent that Ford argues that the government suborned perjury, his argument is meritless. A showing of prosecutorial involvement in the perjury is required before habeas relief will be granted. Burks v. Egeler, 512 F.2d 221, 229 (6th Cir.), cert. denied, 423 U.S. 937 (1975). This court has held that an appellant may not substantiate a perjury charge merely by pointing out apparent inconsistencies in testimony, uncorroborated by factual evidence. See Barnett v. United States, 439 F.2d 801, 802 (6th Cir.1971) (per curiam). Here, the inconsistency was not material to Ford's guilt or innocence. Moreover, it was pointed out so as to affect the weight and credibility of Small's testimony. Finally, Ford presents no evidence, other than conclusory allegations, that the prosecutor prompted Small to answer as he did.
 
 
 15
 Ford's claim of prosecutorial vindictiveness in bringing a superseding indictment with a new charge in his retrial was considered and rejected by this court in Ford's second direct appeal. It is well-settled that a Sec. 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law. United States v. Prichard, 875 F.2d 789, 790-92 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). There are no exceptional circumstances present in this case. The government's alleged inconsistent representations to this court in prior appellate briefs, even if true, do not rise to a level of constitutional magnitude.
 
 
 16
 Accordingly, the district court's order, entered on March 22, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.