ELECTRONIC CITATION:  2013 FED App.0008P (6th Cir.)
File Name:  13b0008p.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re:   MARK WESLEY WINTERS, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARK WESLEY WINTERS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | No. 13-8025 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS H. SHULMAN, COMMISSIONER | ) | |
| OF THE INTERNAL REVENUE SERVICE; | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| THROUGH ITS AGENCY, THE INTERNAL | ) | |
| REVENUE SERVICE; and | ) | |
| | ) | |
| ROBERT H. WALDSCHMIDT, TRUSTEE, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Middle District of Tennessee
No. 311-04072;  Adv. No. 312-90369.

Argued: November 5, 2013

Decided and Filed: December 12, 2013

Before: EMERSON, HARRIS, and HUMPHREY, Bankruptcy Appellate Panel Judges.

———————————————

**COUNSEL**

**ARGUED:** Steven L. Lefkovitz, Nashville, Tennessee, for Appellant. Andrew C. Strelka, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Federal Appellees. Robert H. Waldschmidt, Brentwood, Tennessee, for Appellee Trustee Waldschmidt. **ON BRIEF:** Steven L. Lefkovitz, Nashville, Tennessee, for Appellant. Andrew C. Strelka, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Federal Appellees. Robert H. Waldschmidt, Brentwood, Tennessee, for Appellee Trustee Waldschmidt.

———————————————

**OPINION**

———————————————

**GEORGE W. EMERSON, JR.**, Bankruptcy Appellate Panel Judge. Debtor Mark Wesley Winters ("Debtor") appeals the memorandum opinion and order of the United States Bankruptcy Court for the Middle District of Tennessee (the "bankruptcy court") granting partial summary judgment to Douglas H. Shulman, Commissioner of the Internal Revenue Service, and United States of America, through its agency, the Internal Revenue Service (hereinafter "IRS"). The bankruptcy court concluded that the IRS's claim of $226,142.85, pertaining to the Debtor's 2004 taxes, was nondischargeable.

The bankruptcy court also concluded that a tax refund check in the amount of $86,512.32, which was erroneously issued to the Debtor and subsequently returned to the IRS by the Debtor, was not property of the estate and therefore not properly subject to turnover to the Chapter 7 Trustee, Robert H. Waldschmidt (hereinafter "Trustee"). At argument, the parties agreed that this issue is moot. Appellant did not designate the issue for appeal and conceded at argument that he had abandoned this issue. There was no cross-appeal filed.

## I. ISSUES ON APPEAL

The sole issue on appeal is whether the bankruptcy court erred in finding that the IRS's claim of $226,142.85 for tax year 2004 is entitled to priority status in accordance with 11 U.S.C. § 507(a)(8) and, as such, is nondischargeable under 11 U.S.C. § 523(a)(1)(A). The Trustee asserts that whether the claim is entitled to priority hinges on facts that were not in the record at the summary judgment stage, that is, whether the statute of limitations had run on the assessment of the

Debtor's 2004 taxes. The Appellant asserts a similar sub-issue as to the priority and dischargeability of the taxes based on the timing of the assessment and the filing of the Debtor's bankruptcy petition.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Middle District of Tennessee has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A partial summary judgment order that does not dispose of all parties and all claims is generally not appealable. *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009). Initially, the Appellant moved for leave to appeal the partial summary judgment order, which was denied by order of the Panel (BAP Case No. 13-8008). Subsequently, Appellant filed a motion with the bankruptcy court for certification of the partial summary judgment order for immediate review by the BAP. The bankruptcy court granted Appellant's motion, resulting in this appeal.

A grant of summary judgment is a conclusion of law, reviewed *de novo*. *Medical Mutual of Ohio v. K. Amalia Enters., Inc.*, 548 F.3d 383, 389 (6th Cir. 2008). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. (citations omitted). Under a *de novo* standard of review, the reviewing court decides the issue independently of, and without deference to, the trial court's determination. *Menninger v. Accredited Home Lenders* (*In re Morgeson*), 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007).

## III. FACTS

In the bankruptcy proceeding below, the parties stipulated to the following facts, reproduced verbatim herein from the bankruptcy court's Memorandum Opinion:

1. Mark Wesley Winters ("Debtor") filed a voluntary petition under Chapter 7 on April 20, 2011.

2. Robert H. Waldschmidt ("Trustee") was appointed as Trustee in the bankruptcy proceeding, and is currently serving in that capacity.

3. The Debtor and his wife filed their 2004 tax return on or about September 19, 2005.

4. The Debtor and his wife filed their 2007 tax return on or about November 17, 2008.

5. The Debtor and his wife filed their 2008 tax return on or about November 23, 2009.

6. On or about December 3, 2009, a Notice of Deficiency was sent to the Debtor and his spouse for tax year 2004, asserting that an additional amount of $143,445.00 in taxes were due from that year, plus penalties of $28,689.00.

7. On or about May 26, 2011, a Notice of Deficiency was sent to the Debtor and his spouse for tax years 2007 and 2008 asserting that an additional amount of $138,907.00 in taxes were due for 2007, plus penalties of $27,781.40, and further asserting that an additional amount of $109,648.00 in taxes were due for 2008, plus penalties of $21,929.60.

8. A petition was filed with the U.S. Tax Court by the Debtor and his spouse on March 8, 2010, challenging the Notices of Deficiency for the 2004 tax year. *Mark W. & Liya I. Winters v. Commissioner*, Dkt. #00586-10 (T.C.).

9. A petition was filed with the U.S. Tax Court by the Debtor and his spouse on August 26, 2011, challenging the Notices of Deficiency for the 2007 and 2008 tax years. *Liya I. Winters v. Commissioner*, Dkt. #019757-11 (T.C.). That matter was dismissed as to the Debtor because of the imposition of the automatic stay.

10. Post-petition, the Debtor received a $86,512.32 tax refund check from the IRS in August 2011, based on his 2005 tax return.

11. The Trustee requested from counsel for the Debtor, in August 2011, that the tax refund check be sent to the Trustee.

12. The Debtor filed a motion to convert his case to Chapter 11 on August 16, 2011; that motion was withdrawn on October 5, 2011.

13. The Debtor sent the $86,512.32 tax refund check back to the IRS in October 2011, together with a cover letter.

14. The IRS sent a "Refund Check Identification" to the Debtor on or about November 10, 2011.

15. The Trustee filed a motion for turnover of the refund on October 26, 2011; The Debtor objected to said motion on November 17, 2011; said objection did not disclose anything about any receipt or disposition of a tax refund check.

16. On or about December 26, 2011, the IRS tendered a tax refund check in the amount of $32,555.15 to the Debtor, relating to the Debtor's 2005 taxes.

17. The $32,555.15 refund check was received by the Trustee, and the funds are currently being held by the Trustee.

Stip. of Facts and Exs. at 1-3, Adv. Proc. No. 12-90369, ECF No. 13.

Additionally, on June 28, 2012, the Debtor filed an adversary complaint, naming the Trustee and IRS as defendants, seeking a determination of the amount of tax liability owed pursuant to 11 U.S.C. § 505(a)(1) and for turnover of funds if the IRS's claim was disallowed. The Debtor took the position that "if the claim of the Internal Revenue Service is allowed, then the refund checks were sent to the Debtor in error due to the fact that the IRS had a prepetition right of setoff and/or offset against said funds. If it is determined that the claim of the IRS is disallowed, then the IRS should be required to turn over $86,512.32 to the Chapter 7 Trustee." Pl.'s Compl. at 4, Adv. Proc. No. 12-90369; ECF No. 1.

On July 2, 2012, the Chapter 7 Trustee answered and filed a crossclaim against the IRS and a counterclaim against the Debtor. The Trustee denied that the IRS was entitled to retain the refund check. In his crossclaim, the Trustee requested a determination of the IRS's claim, a determination that the IRS was not entitled to a set-off against the tax refund check and an order requiring the IRS to turn over the $85,512.32 refund. In his counterclaim against the Debtor, the Trustee sought a determination that by returning the tax refund check to the IRS, the Debtor knowingly and fraudulently failed to deliver property to the Trustee and as such his discharge, if obtained, should be revoked pursuant to 11 U.S.C. § 727(d)(2).

On August 7, 2012, the IRS filed its answer to the complaint and crossclaim and included its own crossclaim against the Trustee. The IRS estimated that the Debtor owed approximately $254,831.85 to the IRS for tax years 2004, 2007 and 2008. Further, the IRS alleged that $32,555.15 was refunded to the Debtor and subsequently received by the Trustee but that the IRS was entitled to recover the refund from the Trustee and credit that amount against the Debtor's prepetition tax liabilities. (As set forth in the Stipulations recited above, this tax refund related to the Debtor's 2005 tax liabilities).

On August 8, 2012, the Trustee answered the IRS's crossclaim. On September 11, 2012, the parties entered into a joint stipulation of facts and exhibits, as fully recited above. On September 28, 2012, the IRS filed a motion for summary judgment, alleging, among other things, that because the tax liabilities for 2004, 2007 and 2008 had not yet been assessed but otherwise would have been assessable after the petition date, the tax liabilities were entitled to priority under 11 U.S.C. § 507. In its motion for summary judgment, the IRS conceded that the *amount* of the debtor's 2004 tax

liability was not ready for a final determination and requested that this issue be a topic for discussion at a later pretrial conference. IRS's Mot. Summ. J. at 3-4, Adv. Proc. No. 12-90369, ECF No. 15. The IRS also conceded at that time that the refund check in the amount of $32,555.15 was property of the estate. *Id.* at 8.

On October 2, 2012, the Trustee filed a motion for partial summary judgment and brief in support. Importantly, the Trustee requested that the following determinations be made via summary judgment: 1) that the IRS's claim for the 2004 tax year is not entitled to priority status; 2) that the $32,555.15 tax refund check is property of the estate; 3) that the $86,512.32 tax refund check is property of the estate that the Debtor was obligated to turn over to the Trustee; and 4) that the IRS be ordered to pay to the Trustee funds in the amount of $53,957.17, representing the difference between the refund check issued in error ($86,512.32) and what the Trustee had actually received ($32,555.15).

On October 3, 2012, the Debtor filed his motion for partial summary judgment and brief in support which proposed that summary judgment was appropriate as to the issue of the priority of the IRS's tax claim for year 2004 as well as the issues of whether the refund checks were property of the Debtor's bankruptcy estate and should be turned over to the Trustee.

On November 13, 2012, a hearing was held on the parties' motions. At the hearing, the IRS conceded that the $32,555.15 was property of the estate. Hr'g Tr. at 8, November 13, 2012.

In its opinion, the bankruptcy court distilled the issues to two: 1) whether the IRS's claim for 2004 taxes is a nondischargeable priority claim; and 2) whether an erroneous refund sent to the Debtors postpetition, and then returned by the Debtors to the IRS, is property of the estate. The bankruptcy court adopted the parties' undisputed joint stipulation of facts in its memorandum opinion.

Debtor failed to designate the bankruptcy court's conclusions regarding the second issue for this appeal as required by Federal Rule of Bankruptcy Procedure 8006. In addition, at oral argument, the parties agreed that the issue of whether the erroneous refund was property of the estate was moot. Therefore, that issue is not reviewable. *See Ford v. United States*, No. 94-3469, 36 F.3d 1097, 1994

WL 521119, at *2 (6th Cir. 1994) (unpublished) (citing *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir. 1991)). Accordingly, the Panel will not address the issue.

## IV. DISCUSSION

The bankruptcy court correctly noted that the priority status of the IRS's claim for 2004 income taxes was to be determined by 11 U.S.C. § 507(a)(8)(A) and that the dischargeability of such claim is governed by 11 U.S.C. § 523(a)(1)(A).

11 U.S.C. § 507(a)(8)(A)(iii) provides for the prioritization of "allowed unsecured claims of governmental units, only to the extent that such claims are for a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition, . . . other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case."

The Debtor asserts that the bankruptcy court erred in finding the 2004 tax debt nondischargeable because the three-year statute of limitations had already run before the IRS filed its notice of deficiency in December 2009. On appeal, the IRS contends that the three-year period is extended to six years because the Debtor omitted more than 25 percent of the amount of gross income stated in his 2004 return. *See* 26 U.S.C. § 6501(e)(1)(A). Meanwhile, the Trustee contends that a remand is necessary because neither the bankruptcy court nor the Tax Court has finally determined the amount of the 2004 tax debt. In other words, whether the 2004 tax debt is nondischargeable depends on the whether the Debtor omitted more than 25 percent of the amount of gross income stated in his 2004 tax return.

The Panel finds instructive the Supreme Court's recent decision in *United States v. Home Concrete & Supply, LLC*, 132 S. Ct. 1836 (2012), a case that none of the parties cited in briefing before the bankruptcy court or on appeal. In *Home Concrete*, the Supreme Court was asked to determine whether the longer six-year period in § 6501(e)(1)(A) applied when the underreporting of gross income was due to the taxpayer overstating his basis in property that was sold. The Supreme Court explained the issue as follows:

> Ordinarily, the Government must assess a deficiency against a taxpayer within ''3 years after the return was filed.'' 26 U.S.C. § 6501(a). The 3–year period is extended to 6 years, however, when a taxpayer ''*omits from gross income an amount*

*properly includible therein* which is in excess of 25 percent of the amount of gross income stated in the return.'' § 6501(e)(1)(A) (emphasis added). The question before us is whether this latter provision applies (and extends the ordinary 3–year limitations period) when the taxpayer *overstates his basis* in property that he has sold, thereby *understating the gain* that he received from its sale. . . .

[We] take as undisputed that the Commissioner asserted the relevant deficiency within the extended 6–year limitations period, but outside the default 3–year period. Thus, unless the 6–year statute of limitations applies, the Government's efforts to assert a tax deficiency came too late. . . .

132 S. Ct. at 1839.

In reviewing the record in the present case, it is apparent that neither the bankruptcy court nor the parties focused on whether the statute of limitations had already run on the 2004 tax debt before the IRS filed its notice of deficiency in December 2009. Rather, the bankruptcy court and the parties looked to the events after the filing of the notice of deficiency, including the Debtor filing a petition with the Tax Court in March 2010 challenging the notice of deficiency for the 2004 tax debt. The bankruptcy court correctly noted that the filing with the Tax Court prevented the IRS from assessing the Debtor's tax liability for 2004. The bankruptcy court, however, failed to address whether the statute of limitations had already run on the 2004 tax debt *before* the IRS filed its notice of deficiency in December 2009.

The IRS maintains on appeal that the record already establishes that the Debtor underreported his 2004 gross income by more than 25 percent, thereby making the 2004 tax debt subject to the longer six-year period under § 6501(e)(1)(A). Nevertheless, the debtor's 2004 tax liability has yet to be finally determined. The debtor's case in the Tax Court remains stayed under 11 U.S.C. § 362(a)(8). Nor has the bankruptcy court determined the *amount* of the Debtor's 2004 tax liability under 11 U.S.C. § 505(a). The IRS's motion for summary judgment only sought a determination regarding the priority and nondischargeability of the Debtor's 2004 tax liability, not the amount. The amount of the Debtor's 2004 tax liability was to be the subject of a later pretrial, which has yet to be held. IRS's Mot. Summ. J. at 3-4, Adv. Proc. No. 12-90369, ECF No. 15.

In short, whether the debtor's 2004 tax liability is ultimately nondischargeable depends upon the amount, if any, by which the Debtor underreported his 2004 income. Only if the underreporting is sufficient to extend the statute of limitations from three years to six years would the 2004 tax liability be nondischargeable. *See* 26 U.S.C. § 6501(e)(1)(A); *Home Concrete*, 132 S. Ct. at 1839.

That determination has not been made yet by an appropriate tribunal and until that determination is made, the statute of limitation, priority, and nondischargeability issues cannot be resolved.

## V.    CONCLUSION

Because the applicable statute of limitations was not addressed by the bankruptcy court, was not addressed by any party to the appeal, and was not the subject of a stipulation on summary judgment below, the bankruptcy court's grant of summary judgment as to the priority and nondischargeability of the IRS's claim for tax year 2004 is reversed.  This case is remanded for further proceedings consistent with this opinion.